J. FRED TREFTZ

v.

EDWARD L. STAHL.

*Practice—Placing Case upon Short Cause Calendar—New Trial—Affidavits.*

1. The rule in cases of mere irregularity requires the party to move at the first opportunity, or show an excuse for not doing so. Where the merits are involved, the rule is not applied with so much vigor.

2. Where judgment is rendered against the defendant in a given cause in his absence, and in the absence of any agent or attorney, an affidavit asking that the verdict and judgment be set aside and for a new trial, should show the facts on which the defense is based.

3. Irregularity as to service of papers necessary to get a cause upon a short cause calendar, are waived if no objection is promptly made.

[Opinion filed December 8, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Messrs. WILLIAM F. BIGELOW and GEORGE A. GARY, for appellant.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellee.

MR. JUSTICE GARY. There is no indication of any merit in the case of the appellant. His affidavit filed to set aside proceedings only states " that he has fully stated his case to

Treftz v. Stahl.

his attorney, who has advised him that he has a good defense on the merits to plaintiff's action." Who was the attorney or what was the statement on which he advised does not appear. The affidavit should have stated the facts on which he rests a defense. Roberts v. Corby, 86 Ill. 182.

The case was tried *ex parte* on the short cause calendar. The service of a copy of the affidavit and notice necessary to get the case upon that calendar may be admitted to be defective, but the indications are strong that the appellant's attorney had knowledge that such service had been made upon a co-occupant of his office.

These indications are in the care with which the attorney swears that he had no notice that the case " had been placed on the short cause calendar and was to be heard at the " then term of the court. If, having the notice and affidavit before him, he kept still, he would not have the notice which he denies, nor is his own affidavit helped out by that of his office companion " that he forgot to give (the paper to the attorney) or to notify him of its existence or that he had same in his possession until," etc.

Notwithstanding all these denials the attorney of the appellant may have been fully aware that the affidavit and notice had been left for him, at his office, and had good reason to believe that the attorneys of the appellee were relying upon the service as sufficient, and about to proceed in conformity with the notice. With such knowledge and reason to believe, if the attorney of the appellant laid by, and suffered the case to go on upon the short cause calendar without objecting, the irregularity of the service was waived. " The rule in cases of mere irregularity requires the party to move at the first opportunity, or show an excuse for not doing so. Where the merits are involved the rule is not applied with so much vigor." Lawrence v. Jones, 15 Abb. Pr. R. 110.

Here, as before said, there is no indication of any merit with the appellant.

This view of the case renders it unnecessary to consider whether the motion to set aside the verdict and judgment,

actually filed, but not called to the attention of the court, during the term at which the case was disposed of, could be granted by the court at a subsequent term. See Prall v. Hunt, 41 Ill. App. 140. The judgment is affirmed.

*Judgment affirmed.*