# CASES

# APPELLATE COURTS OF ILLINOIS

## FIRST DISTRICT—OCTOBER TERM, 1892.

### Grosvenor v. Doyle.

**1.** PRACTICE—*Setting Aside Defaults—Notice.*—A person filed a bill in chancery, etc. The defendant was served with summons to appear on the third Monday of May, which was the 16th, but he thought it was the 23d. He found, on that day, that default had been entered and the cause referred to a master on the 19th. On the 24th his attorney entered his appearance and made a motion to set aside the default, but gave the plaintiff no notice until the 28th. In the meantime (on the 25th) the plaintiff's attorney procured a report from the master and entered a final decree to suit himself. *It was held* that the neglect to give the notice on the 23d, and permitting the cause to go on to final decree, estopped the defendant. The court properly refused to set aside the decree.

**2.** RULES OF PRACTICE—*Reasonableness.*—A rule of practice which might work no injury in a new country, where the whole bar of the county spend their whole time during the sessions of the court in watching the proceedings, is not adapted to a bar of 3,000 members, practicing in a score of courts of record.

**Memorandum.** — Motion to set aside a default. Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1892, and affirmed. Opinion filed February 14, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, ARNOLD TRIPP, ATTORNEY.

Appellant admitted that the setting aside of defaults is within the discretion of the court below; but in the exercise of that discretion the law requires it to be a legal discretion and not an arbitrary one; and whenever it is brought

(47)

to the attention of the court that the refusal to set aside the default is arbitrary, the court will always interfere and permit a defense to be made. It seems to be the established rule, that when, after default is taken, the defendant files an affidavit in apt time, from which it appears that his seeming neglect is explained and excused, and that he has a good defense to the merits of the action, his application to have said default set aside should be granted. Kalkaska Mfg. Co. v. Thomas, 17 Brad. 235; Waugh v. Suter, 3 Brad. 271; Slack v. Casey, 22 Ill. App. 412; Allen v. Hoffman, 12 Brad. 573.

APPELLEE'S BRIEF, FRANK H. BOWEN, ATTORNEY.

A motion to set aside a default is addressed to the discretion of the trial court, and the decision will not be disturbed by an appellate court, unless there has been a gross abuse of that discretion. Thielmann et al. v. Burg, 73 Ill. 293; Greenleaf v. Roe, 17 Ill. 474; Andrews v. Campbell, 94 Ill. 577; Rich v. Hathaway, 18 Ill. 548; Union Hide and Leather Co. v. Woodley, 75 Ill. 435; Schroer et al. v. Wessell, 89 Ill. 113; Bowman v. Wood, 41 Ill. 203; P. & R. I. R. R. Co. v. Mitchell, 74 Ill. 394; Scales v. Labar, 51 Ill. 232; Edwards v. McKay, 73 Ill. 570; Mendell v. Kimball, 85 Ill. 582; Constantine v. Wells, 83 Ill. 192; Hitchcock v. Herzer, 90 Ill. 543.

An appellate court will rarely, if ever, interfere. Chicago v. Adams, 24 Ill. 492.

Negligence will defeat a motion to open a default. Union H. & L. Co. v. Woodley, 75 Ill. 435.

The setting aside of a default in a chancery suit is a matter of discretion, the exercise of which, by the court, can not be inquired into by an appellate court on appeal or writ of error. Powell et al. v. Clement et al., 78 Ill. 20.

It is only in case of a plain and palpable abuse of the trial court's discretion in not granting a motion to vacate an order of dismissal, that an appellate court will interfere. Smith v. Grapple, 17 Brad. 595.

Grosvenor v. Doyle.

Opinion of the Court, Gary, P. J.

Grosvenor did carpenter work for Doyle; obtained from the architect a certificate; sued Doyle before a justice and obtained judgment, from which Doyle appealed, and then filed a bill to set aside the certificate and enjoin Grosvenor from prosecuting his suit. Grosvenor was served with summons to appear on the third Monday of May, 1892. He thought the third Monday, instead of being the 16th was the 23d day of the month and did not go to his attorney until that day. His attorney found that a default had been entered and the cause referred to a master on the 19th. On the 24th of May the attorney filed an appearance and motion to set aside the default, but gave the other side no notice of anything until the 28th. In the meantime Doyle's attorney had, on the 25th, got a report from the master, and entered a final decree to suit himself.

Under such circumstances the refusal of the Circuit Court to set aside the decree and default, can not be reversed. If the mistake of Grosvenor might have been excused, had notice been given to the other side, as it might have been, on the 23d, that an application would, as soon as counsel could be heard, be made to the court to set aside the default and reference, yet neglecting to give such notice, and permitting the cause to go to a final decree, with nothing to warn Doyle and his solicitor that they might be bestowing their labor in vain, ought to, and does, estop all complaint now. Treftz v. Stall, 46 Ill. App. 462.

Filing a paper ought not to be held, as it is not in fact, a motion. Prall v. Hunt, 41 Ill. App. 140.

A rule of practice which might work no injury in a new country, where the whole bar of a county spend their whole time during the sessions of the court in watching the proceedings, is not adapted to a bar of 3,000 members practicing in a score of courts of record.

The order refusing to set aside the proceedings is affirmed.