## Johnston v. Brown.

1. PRACTICE—*Mere Irregularities—Time to Object.*—The rule in cases of a mere irregularity requires the party to move at the first opportunity, or show an excuse for not doing so.

2. SHORT CAUSE CALENDAR—*Practice—Waiver of Irregularities.*—Irregularities in serving a notice to place a cause on the short cause calendar must be taken advantage of at the earliest opportunity, unless an excuse for not doing so can be shown.

3. ATTORNEYS AT LAW—*Retainer.*—An express and formal retainer is not necessary. The contract of retainer may be made like any other contract expressed or implied.

**Memorandum.**—Forcible detainer. Appeal from the County Court of Cook County; the Hon. C. H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed January 11, 1894.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, GEO. G. BELLOWS, ATTORNEY.

Notice must be served on defendant or his attorney. One who appears as attorney in the court below, is not the attorney in the upper court to which cause may be taken, until he is retained as such, and paid his retainer. De Wolf v. Strader et al., 26 Ill. 23; Covill v. Phy, 24 Ill. 37.

APPELLEE'S BRIEF, EASTMAN & SCHUMACHER, ATTORNEYS.

By appearing and pleading or by offering evidence in the trial, a defendant waives all defects in service of process or want of process. Filkins v. Byrne, 72 Ill. 101; Fondillie v. Monroe, 14 Ill. 126.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellant, in his brief, states the facts of this cause, as follows:

"This was an action in forcible detainer, brought by appellee against appellant, in a justice court, for possession of

premises 361 N. Clark street, Chicago, on the ground that appellant's lease had expired; and that was the sole ground. Judgment was rendered in favor of appellee, for possession, from which judgment an appeal was taken to the County Court, Cook County, Illinois, on the first day of June, 1893, and before the filing of the transcript in the County Court of the proceedings before the justice, which filing was on June 2, 1893, a notice was served on the attorney who appeared in the justice court, of the placing of said cause on short cause calendar. Said attorney refusing to accept notice, it was left.

At the time of leaving such notice, said attorney had not been retained to appear in the County Court; nor was any notice served on appellant; nor had transcript been filed. After service of such notice, motion was filed, based on said affidavits, to strike cause from the short cause calendar. Motion was heard on the day cause was heard, and refused; to which exception was taken; court saying that the attorney had appeared after June 2, 1893, several times in relation to justification of sureties.

Cause called. Jury impaneled. Appellant renews his motion on grounds before mentioned, which was refused. Exception taken and appellant forced to trial." And then states his contentions, as follows:

"It is contended that the action of the court was irregular; first, because the transcript was not filed June 1, 1893, at the time of leaving notice, and not until June 2, 1893; and that proceedings could not be taken until the filing of such transcript; that notice was premature; affidavit and notice being filed, with clerk, on June 2, 1893," and notice stating that "On the second day of June, 1893, affidavit, of which foregoing is a copy, was duly filed," etc.

Whatever irregularity there was in serving the notice to place the appeal on the short cause calendar before the transcript was filed, was one that should have been taken advantage of at the earliest opportunity, unless an excuse for not doing so could be shown.

The notice was served June 1st, and the transcript was

filed June 2d. The motion to strike the cause from the short cause calendar was not filed until July 17th following, which was the same day the cause was reached for trial in the County Court. This, we think, was too long a delay. Although the attorney who was served with the notice was not "retained," as he says, to follow the cause during its pendency on appeal in the County Court, until June 3d, both he and his client, the appellant, were frequently brought into court in relation to the justification of sureties on the appeal bond, during the month of June, and it was the duty of one or both of them to raise the point of irregularity with promptness, and not wait six weeks, and until the time the cause was called for trial.

Here the attorney who was served with the notice on June 1st, was the same attorney who tried the case for appellant before the justice of the peace, and saw to the giving of the appeal bond in that court, and was technically "retained" on June 3d to follow the appeal to the County Court. He had actual knowledge that the notice was served upon him, whether the appellant was bound by it or not, for he refused to accept service, and the notice was left with him, and he indorsed on it the date of its being left.

Presumptively, also, the appellant knew of the notice, for he made an affidavit that he had not "retained" the attorney until after June 2d, as a reason why he should not be bound by the notice served June 1st, but he did not deny that he knew the notice had been left with the attorney.

It was said in Treftz v. Stahl, 46 Ill. App. 462, "With such knowledge and reason to believe, if the attorney of the appellant laid by, and suffered the case to go upon the short cause calendar without objection, the irregularity of the service was waived;" and it was quoted from Lawrence v. Jones, 15 Abb. Pr. Rep. 110, as follows:

"The rule in cases of mere irregularity requires the party to move at the first opportunity, or show an excuse for not doing so."

The affidavits filed in support of the motion to strike the cause from the short cause calendar establish, simply, the fact that the attorney, with whom the notice was left, was

not " retained " by appellant to follow the appeal through the County Court, until two days after the notice had been so left; and from the context it is plain that by not being " retained " was meant that no money as a retainer had been, on June 1st, paid to the attorney.

Neither the attorney nor the appellant, in their affidavits, say anything about the employment or expectation of employment of the attorney by the appellant in the further defense of the suit, and the weight of the argument of appellant's counsel (who is the same attorney) is that an express technical " retainer " was necessary. An express and formal retainer was not necessary.

" The contract of retainer may be made like any other. It may be express or implied." Cooper v. Hamilton, 52 Ill. 119.

It is not necessary to decide that there was an implied relationship of attorney and client existing in this case between the appellant and the attorney at the time the notice in this cause was served on the attorney, although the inferences that such a relationship did exist are strong.

It is enough to hold, as we do, that the irregularity in the service of the notice, if it was irregular in fact, should have been taken advantage of at an earlier day than that on which the cause was reached for trial and tried.

On the trial, the evidence that was heard, although in some respects conflicting, fully justified the court in directing the jury to find the defendant guilty, and the judgment thereupon entered will therefore be affirmed.