## A. Egerton Adams v. Chicago Trust & Savings Bank.

1. COURTS—*Judicial Favor.*—When a party has to ask a favor of the court, if he shows no reason for the favor, he can not complain of its refusal.

2. PRACTICE—*All Pleas to Be Filed at Same Time.*—All pleas should be filed at the same time; if any good reason exist for permitting the filing of pleas by piecemeal, it should be made to appear.

3. SAME—*Filing Additional Pleas—When Properly Refused.*—If, in effect, the pleas offered for filing are but to show a parol agreement contemporaneous with the making of a note, and inconsistent with it, they are properly refused, as all precedent and contemporaneous parol agreements are merged in the note.

**Memorandum.**—Assumpsit on promissory note. Appeal from the Circuit Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed April 30, 1894.

The opinion states the case.

MAHER & GILBERT, attorneys for appellant.

APPELLEE'S BRIEF, ASHCRAFT & GORDON, ATTORNEYS.

If a party desires to file additional pleas he must obtain leave of the court, and it is in the discretion of the court whether such leave will be given; if this discretion is not abused it is not error to refuse. Bemis v. Horner, 44 Ill. App. 317, 145 Ill. 567; Bensley v. Brockway, 27 Ill. App. 410; Lincoln v. McLaughlin, 74 Ill. 11; Millikin v. Jones, 77 Ill. 372; Bryant v. Danas, 3 Gil. 343; Ricker v. Scofield, 28 Ill. App. 32; Haas v. Stenger, 75 Ill. 597.

The maker of an absolute note can not show an oral contemporaneous agreement which makes the note payable only on a contingency. Walker v. Crawford, 56 Ill. 444; 2 Parsons N. & B. 508; Neeley v. Lewis, 5 Gilm. 31; Lane v. Sharpe, 3 Scam. 566; Miller v. Wells, 46 Ill. 46; Jones v. Albee, 70 Ill. 34; Mason v. Burton, 54 Ill. 349; Conwell v. Railroad Co., 81 Ill. 232.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action on a promissory note, brought by the assignee thereof.

September 19th the defendant filed a plea of the general issue and therewith an affidavit by George J. Cantivary that he is the agent of the defendant, and he verily believes he, A. Egerton Adams, has a good defense to the suit upon the merits.

Upon the 22d day of the following January the cause was, at the request of the defendant, continued to and put down for hearing on the morning of Monday, the 29th day of January. On Saturday, the 27th day of January, the defendant asked leave to file five additional pleas, which request the court refused; whereupon the cause was, at the request of the defendant, continued to February 5, 1894. Upon the day last named the parties appeared, a jury was impaneled, and the plaintiff then and there offered to permit the defendant to introduce any evidence that would be admissible under special pleas. The attorney for the defendant then stated that leave to file special pleas having been denied him, he was not prepared to offer any evidence that would come under the additional pleas, thereupon there was a verdict and judgment for the plaintiff.

We do not think there was any abuse of discretion by the court in its refusal to allow the filing of additional pleas. No reason showing why they were not filed with the general issue was given. When a party is in a position that he has to ask a favor of the court, if he adduce no reason for an extension of grace to him, he can not complain of its refusal.

All pleas should be filed at the same time; if any good reason exist for permitting the filing of pleas by piecemeal it should be made known. Bemis v. Horner, 44 Ill. App. 317, 145 Ill. 517; Milliken v. Jones, 72 Ill. 372.

In effect the pleas offered are but to show a parol agreement contemporaneous with the making of the note, inconsistent with it; this is not permissible; all precedent and contemporaneous parol agreements are merged in the writ-

ten instrument. Walker v. Crawford, 56 Ill. 444; 2 Parsons' N. & B. 508; Neeley v. Lewis, 5 Gilm. 31; Lane v. Sharpe, 3 Scam. 566; Miller v. Wells, 46 Ill. 46; Jones v. Albee, 70 Ill. 34; Mason v. Burton, 54 Ill. 349; Connell v. Railroad Co., 81 Ill. 232.

The judgment of the Superior Court is affirmed.