## James A. Cunningham v. Max H. Alexander and Samuel Tausig, for the use of First National Bank of Chicago.

1. PRACTICE—*Damages in Excess of the Ad Damnum.*—Where the damages are in excess of the amount claimed in the declaration, the objection must be made in the court below; it can not be urged for the first time in the Appellate Court.

2. SAME—*Estoppel to Object in the Appellate Court.*—A trial was had before a judge of the Superior Court, but before he rendered his decision he was transferred to the Appellate Court, and the parties stipulated that it might be tried before another judge, upon the transcript of the evidence taken before the former judge. On appeal it was objected that there was no bill of exceptions showing that the transcript of the evidence read before the judge who tried the case was a correct transcript of the evidence heard by the former judge. *Held*, that as the transcript was treated by the parties on the trial before the latter as the one heard by the former and as the one referred to in the stipulation, it was too late to make the objection.

Assumpsit.—Breach of contract. In the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Trial by the court; finding and judgment for plaintiff; error by defendant. Heard in this court at the October term, 1894. Affirmed. Opinion filed April 4, 1895.

WM. ARMSTRONG and W. B. WILSON, attorneys for plaintiff in error.

MOSES, PAM & KENNEDY, attorneys for defendants in error.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The damages awarded in this cause being in excess of the *ad damnum* of the declaration, it is insisted that for this reason the judgment must be reversed. No such objection was made in the court below; it therefore can not be urged in this court. Had it been presented in the Superior Court, it could easily have been obviated by amendment. Utter v. Jaffray, 15 Ill. App. 236; 114 Ill. 470.

The case was first tried before his Honor, Judge Gary, without a jury, but Judge Gary having been transferred to the Appellate Court before the case was decided, it became necessary to submit the matter to another judge. The matter thus came before his Honor, Judge Brentano.

A stipulation was entered into, signed by counsel on both sides, that on the hearing before Judge Brentano the transcript of the evidence taken before Judge Gary should be read in evidence, and no other evidence offered.

It is now insisted that no bill of exceptions showing what evidence was heard before Judge Gary was made, and that the evidence given upon the last trial fails to show that the transcript of a stenographer's notes, read before Judge Brentano, was a correct transcript of the evidence heard by Judge Gary. The transcript was read and treated in the trial before Judge Brentano, by each party, as the transcript of the evidence heard before Judge Gary, and as that referred to in the stipulation of the parties, and it is now too late to make this objection.

It is next insisted that the evidence does not sustain the finding. There is force in the suggestion, that, as Judge Brentano did not see or hear any of the witnesses, the finding does not come to us with the presumptions in favor of its

correctness upon disputed questions of fact that ordinarily exists.

We have examined the bill of exceptions here presented, and find no sufficient reason for overruling the finding of the Superior Court upon the questions of fact.

As to the authority of Raymond as agent of the defendant below, to make the guaranty upon which this suit is brought, we think that the conduct of the defendant was such as to indicate that Raymond was authorized to do what he did, at least to induce the plaintiffs below to believe, and act upon the belief, that Raymond had such authority.

The judgment of the Superior Court is affirmed.