## Thomas T. Oliver v. Albert M. Gerstle.

1. Short Cause Calendar—*Notice upon the Adverse Party—Inattention.*—Where an attorney for the plaintiff in an appeal from a justice of the peace served a notice on the defendant in person (no attorney having appeared), and he threw the notice aside without examination or giving his actual attorney any notice of the matter, afterward, upon his motion to set aside the judgment entered, *it was held* that he was guilty of inexcusable negligence and inattention.

2. Same—*Objections to Mode Where Notice is Given.*—The act approved June 1, 1889, commonly known as the "short cause calendar act," does not specify of what ten days' notice shall be given, but where notice is given, if the adverse party has any objection to the suit going upon such calendar, he must appear and make his objections known.

3. Guaranty—*Not Protected as an Indorsement.*—A guaranty of a promissory note is not protected by either the statute concerning negotiable instruments nor by the principles of the law merchant.

**Motion to Vacate Judgment.**—Appeal from the Circuit Court of Cook County; the Hon. Francis Adams, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed May 16, 1895.

S. H. McLaughlin, attorney for appellant.

George W. Brown, attorney for appellee.

Mr. Justice Gary delivered the opinion of the Court.

November 2, 1894, a transcript from a justice was filed in the Circuit Court, on an appeal taken by filing a bond there October 29, 1894, from a judgment against the appellant as guarantor upon a promissory note.

November 12, 1894, the attorney of the appellee caused to be delivered to the appellant a copy of a paper containing the following:

"State of Illinois, ⎱ ss. In the Circuit Court of Cook
  Cook County. ⎰ County.

Albert M. Gerstle ⎱
    vs. ⎰ Assumpsit.
T. T. Oliver.

George W. Brown, being first duly sworn, deposes and

says that he is the attorney for the plaintiff in the above entitled suit at law, now pending in said court, and that he verily believes the trial of said suit will not occupy more than one hour's time.

GEORGE W. BROWN.

Subscribed and sworn to before me this 12th day of November, A. D. 1894.

JAMES S. KNOWLSON,

[SEAL.]                                  Notary Public."

" STATE OF ILLINOIS, ⎱ ss.   In the Circuit Court of Cook
   Cook County.      ⎰       County.

ALBERT M. GERSTLE, ⎫
      vs.          ⎬  Assumpsit.
   T. T. OLIVER.    ⎭

To T. T. Oliver, defendant: Take notice, that on the 12th day of November, A. D. 1894, an affidavit, of which the foregoing is a copy, was duly filed in said suit; and that the clerk of said court will place said suit on the short cause calendar for trial as by statute provided.

GEORGE W. BROWN.

Dated, Chicago, November 12th, 1894."

It was not true, as stated in the notice, that the affidavit was filed November 12th; both affidavit and notice were filed the next day.

No attorney had appeared in the Circuit Court for the appellant, and he threw the papers aside without examination and gave to his actual attorney no notice of it.

After judgment had been taken he moved to set it aside upon the ground that the case was improperly put upon the short cause calendar, and also for merits.

The statute "short cause calendar" approved June 1, 1889, is blind; does not say of what "ten days' previous notice" shall be given; but here was notice enough that the suit was going upon that calendar, and if the appellant had any objection he should not have disregarded the notice, but made his objection known. Johnston v. Brown, 51 Ill. App. 549.

On the merits, the case is, that one Scanlan had given his note, guaranteed by the appellant, to one Tuttle for $200,

payable in sixty days, as the price of a privilege or option to buy some stock within sixty days, both the stock and note being put into the hands of a stockholder to be delivered to Tuttle if Scanlan did not buy; and as he did not buy, they were so delivered.

Whether it makes any difference whether the indorsement by Tuttle to the appellee was before or after maturity we leave undecided, only remarking that a guaranty is not protected by either the statute concerning negotiable instruments, nor by the principles of the law merchant.

It may be true that the appellant had a good defense, on the ground that Tuttle deceived Scanlan as to the stock. Certainly he had under section 130 of the Criminal Code, which has been applied to many cases within its letter, though not within the mischief intended to be prevented by it. Locke v. Fowler, 41 Ill. App. 66.

But we may not say that the court erred in refusing to relieve the appellant from the consequences of his inexcusable negligence and inattention. Hinckley v. Dean, 104 Ill. 630.

There is, unavoidably, great delay in the administration of justice in this county, however diligent courts and counsel may be, owing to the press of business, and there should be strong reasons for permitting a party to increase that delay by indulgence to him.

The judgment is affirmed.