Stewart v. Carbray.

---

## William H. Stewart v. James Carbray.

1. EVIDENCE—*Architect's Certificate, Under the Common Counts.*— Where a contract has been performed and the only thing remaining is the payment of money, the common counts are a sufficient declaration,

| | |
|---|---|
| 59 | 397 |
| 64 | 615 |
| 59 | 397 |
| 60 | 647 |
| 59 | 397 |
| 76 | 407 |
| 59 | 397 |
| 86 | 574 |
| 59 | 397 |
| 99 | ²518 |
| 59 | 397 |
| 102 | ²372 |
| 102 | ²487 |

and under them any legitimate proof (in this case an architect's certificate) to enable the plaintiff to recover is admissible.

2.  SHORT CAUSE CALENDAR—*Motion to Strike Cause From.*—A motion to strike a cause from the short cause calendar after it is called for trial comes too late.

3.  PRACTICE—*Filing an Additional Abstract—Costs.*—When an additional abstract filed by the appellee is not necessary, a motion by him to tax the costs of printing the same against the appellant will be denied.

**Assumpsit,** on building contract. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 24, 1895.

ISRAEL COWEN, attorney for appellant.

CORNELIUS VAN ALEN SMITH, attorney for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This suit was brought by the appellee against the appellant to recover upon an architect's final certificate.

The appellee (plaintiff below) had done lathing and plastering upon appellant's (defendant's, below) building, in the city of Chicago, pursuant to a certain written contract and specifications, the total consideration of which was originally stated to be $1,980. Subsequent to the making of such contract, the plaintiff declared to the defendant that he could not do the work for the price mentioned, and an understanding was arrived at, pursuant to which plaintiff did the work mentioned in the original contract. What such understanding was and what additional price was agreed upon became a matter of controversy and the parties not agreeing, this suit was brought.

The plaintiff's version was that the defendant promised to pay him seven cents a square yard in addition to the original contract price, and there being 8,000 yards measured by him, he claims, in addition to $2,000 paid him, $560, less $150, making $410, for which amount, with interest, amounting to $420.25, he obtained judgment. The defendant's version was that he was to be allowed his choice

of either paying seven cents a square yard, or four dollars per day for plaintiff's services in addition to paying for all material, for which plaintiff was to furnish him an itemized bill; that he was never furnished an itemized bill, and therefore could never make his choice.

The declaration consisted of the common counts, to which was attached a copy of the architect's final certificate, as the instrument sued on.    That certificate specified the contract price as being $2,560, and stated credits by former certificates at $2,000, and a deduction of $150, leaving a balance of $410 as a sum to which appellee was entitled. The plea was the general issue.

It is contended that the architect's certificate, which was introduced in evidence, was not admissible under the common counts.

By the terms of the contract the architect was declared to be the agent of the owner, and it was required that the work should be done to his satisfaction; and the suit being for money due it was clearly proper to receive the certificate in evidence in support of that claim.    Where a contract has been performed and the only duty remaining is the payment of money, the common counts are sufficient, and under them the appellee might make any legitimate proof that would entitle him to a recovery.    Fowler v. Deakman, 84 Ill. 130; Childs v. Fischer, 52 Ill. 205; Gottchalk v. Smith, 54 Ill. App. 341; 156 Ill. 377.

That an architect's final certificate is competent evidence where issued under a contract containing a provision like this one, that such certificate shall be conclusive evidence of the performance of the contract, has long been the law in Illinois.    McAuley v. Carter, 22 Ill. 53.

The criticism upon the framing of the second instruction that was given does not affect its merit and correctness as a whole, and we can not conceive that the jury could have been misled by it.

Upon the question that the cause was erroneously upon the short cause calendar, we need only say that the motion to strike it from that calendar was not made until

the cause was called for trial, which was a considerable time after the cause had been placed upon the calendar, and was too late. Johnston v. Brown, 51 Ill. App. 549.

The other objections urged upon us relate wholly to questions of fact which were passed upon by the jury under proper instructions by the court, and the evidence being conflicting and there being evidence tending to support the verdict, it is not our province to review it in this opinion, although we have considered it with care.

The appellee has filed an additional abstract and moves here that costs for printing the same be taxed against the appellant. We do not regard the additional abstract as necessary.

The judgment of the Circuit Court will be affirmed, and the motion for costs for printing additional abstract denied.