## Wheatley, Buck & Co. v. Chicago Trust and Savings Bank.

1. PRACTICE—*Judgment in Excess of the Ad Damnum—Waiver.*— The fact that the judgment recovered is in excess of the amount claimed in the *ad damnum* is error, but is waived by not being raised or in any manner brought to the attention of the court below.

2. SHORT CAUSE CALENDAR—*Trial of Case Upon—Waiver.*—The fact that a cause upon the short cause calendar is not at issue when called for trial, is waived by the parties agreeing to submit the same for trial by the court without a jury.

3. INSOLVENCY—*Proof.*—In an action against the indorser of a promissory note, the insolvency of the maker may be proved the same as any other fact.

4. CORPORATIONS—*Proof of Corporate Existence—When Necessary.*—Proof of the averment that the defendant is a corporation is not necessary under our practice unless challenged by the plea of *nul tiel corporation.*

5. SAME—*Corporate Existence Admitted.*—Where the defendant, by his peculiar form of pleading, admits the corporate existence of the plaintiff, he can not afterward deny such corporate existence.

Wheatley, Buck & Co. v. Chicago Trust & Sav. Bk.

**Assumpsit,** against the indorser of a promissory note. Appeal from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 11, 1896.

JOSIAH BURNHAM, attorney for appellants.

JOHN G. HENDERSON, attorney for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

When first begun, on July 28, 1893, this was a suit by the appellee against the appellant as indorser of two promissory notes, for $1,050 and $525, respectively. Subsequently, and on December 2, 1895, it was stipulated by counsel for the respective parties, that an additional count to the declaration might be filed counting upon appellant's liability as indorser and guarantor of another note for $1,000, the same as if said note had become due prior to the beginning of the suit, and an additional count was filed charging the appellant as guarantor of said note.

The three notes so declared upon were as follows:

"$1,050.00.                    CHICAGO, Ill., June 10, 1893.

Thirty days after date I promise to pay to the order of Wheatley, Buck & Co. one thousand fifty and no $\frac{00}{100}$ dollars, payable at C. T. & S. Bank. Value received.

JOHN B. SKINNER.

(Indorsed:) WHEATLEY, BUCK & Co."

"$525.00.                      CHICAGO, Ill., June 13, 1893.

Thirty days after date I promise to pay to the order of Wheatley, Buck & Co. five hundred twenty-five and no $\frac{00}{100}$ dollars, payable at C. T. & S. Bank. Value received.

JOHN B. SKINNER.

(Indorsed:) WHEATLEY, BUCK & Co."

"$1,000.                                    June 30, 1893.

Thirty days after date I promise to pay to the order of Wheatley, Buck & Co. one thousand dollars at C. T. & S. Bank, Chicago.

JOHN B. SKINNER.

(Indorsed as follows:) WHEATLEY, BUCK & Co.

For value received .... hereby guarantee the payment of the within note at maturity, or any time thereafter; and to further secure the payment of the same, hereby authorize any attorney to appear in any court of record, at any time hereafter, and confess a judgment, without process, in favor of the holder for the amount of said note, with interest at seven per cent per annum, costs, and ten per cent attorney's fees, hereby waiving and releasing all error, and ratifying all said attorney may do by virtue hereof, and consenting to immediate execution.

WHEATLEY, BUCK & Co."

Before the count upon last described note was filed, the cause had been placed upon the short cause calendar, but owing to numerous continuances, for various reasons, it was not actually called for trial until on the 6th of January 1896, when by agreement of parties that day made in open court, the cause was submitted to the court without a jury, and judgment in favor of appellee followed, for $2,896.87.

It is from such judgment this appeal is prosecuted.

The contentions urged against the judgment are numerous, and are mostly technical objections.

The *ad damnum* when the suit was begun was laid at twenty-five hundred dollars, and was not increased when the additional count upon the last described note was filed. Hence, the judgment exceeded the *ad damnum* by nearly four hundred dollars. This is assigned for error, and was error, but it was error of a kind that could be and was waived by not being raised or in any manner brought to the attention of the trial court where it could and doubtless would have been corrected by the allowance of an amendment. Metropolitan Acc. Ass'n v. Froiland, 161 Ill. 30; same case, 59 Ill. App. 522; Cunningham v. Alexander, 58 Ill. App. 296.

It is also assigned for error that the cause was not at issue when placed upon the short cause calendar as required by a rule of the Superior Court, which provides that "no cause shall be noticed for trial until the same is at issue."

When the cause was placed upon the short cause calendar

in October, 1895, issues were completely joined by pleas and replications filed long before.

We regard all that was done in the way of making up issues under the added count after the cause had been placed upon the short cause calendar, as having been done in pursuance of the stipulation of parties with reference to bringing into the one suit the additional last described note, and that if appellant desired to have the cause stricken from the short cause calendar on that account, he should have moved to have it done at his first opportunity, and not have waited until the very day the cause was reached for trial. Stewart v. Carbray, 59 Ill. App. 397; Johnston v. Brown, 51 Ill. App. 549; Treftz v. Stahl, 46 Ill. App. 462.

Furthermore, the objection was waived by appellant at the same time agreeing to submit the cause for trial by the court without a jury. Pratt v. Hunt, 41 Ill. App. 140.

The point that the affidavit for placing the cause upon the short cause calendar was insufficient, is not well made. Angus v. Orr & Lockett Co., 64 Ill. App. 378.

It is further objected that the declaration did not allege that appellee was a corporation. The objection was raised at the close of appellee's case, and an appropriate amendment was at once made.

An amendment alleging the corporate existence of the appellee was not necessary. Its name could not be taken to be that of a natural person, and implying, as its name does, that it is a legal entity, it must have been that of a corporation.

Furthermore, the appellant pleaded the general issue, and also special pleas to "its," the appellee's, cause of action.

We think the rule in Illinois is, although the holdings out of this State are not uniform, that the averment that appellee was a corporation was not necessary, and that proof of the fact was not necessary unless challenged by a plea of *nul tiel corporation*. Morris v. Trustees of Schools, 15 Ill. 266; Legnard v. Crane Co., 54 Ill. App. 149; Union Cement Co. v. Noble, 15 Fed. Rep. 502; where the subject is discussed and cases are cited.

But, under the rule in any jurisdiction, the amendment obviated the objection. It was made in time, and it is plain the appellant was not taken by surprise or injured by it.

Under leave by the court to the appellant for a plea of *nul tiel corporation* to be filed, and considering it as if filed, the appellee made what we regard was sufficient proof, under the circumstances, of the corporate existence of the appellee, and appellant offered no evidence to the contrary.

It is also insisted that the appellant was not sued without alleging what persons composed it. This is upon the assumption that Wheatley, Buck & Co., as sued, is not a corporation. Its name does not necessarily imply that it is a corporation, but it was sued in that name, and appeared and pleaded under that name.

Its plea of the general issue to the original declaration, is as follows:

"And now comes the said defendant by Josiah Burnham, its attorney, and defends   *   *   *   and for plea says that it did not undertake,   *   *   *   as the said plaintiff hath above complained against it, and of this it puts itself upon the country."

Its first plea to the amended declaration begins thus:

"And now comes the defendant, Wheatley, Buck & Co., a corporation, by Josiah Burnham, its attorney," etc.; and the affidavit to the special plea denying the execution of the contract of guaranty, is made by William M. Wheatley, who "says that he is president of the defendant corporation, and its duly authorized agent," etc.

After so appearing and pleading, the appellant can not deny its corporate existence. 2 Ency. of Pl. & Pr. p. 670, and note 4.

The further objection is made that incompetent evidence was admitted, and that so admitted it was insufficient to show the insolvency of Skinner, the maker of the notes. His insolvency was a fact that might be proved in numerous ways.

The witness Tolman, for the appellee, testified—and there was no contradiction of what he said—that Skinner was

insolvent; that he had failed and made an assignment owing a great deal of money, and had no assets; that he owed witness between $40,000 and $50,000, and had no property that could be reached by execution.

We think such evidence, with no contradiction, was sufficient proof that a suit against Skinner, as maker of the notes, would have been unavailing, within the meaning of the statute, and to relieve appellee from the necessity of bringing suit against Skinner, the maker, before recovery could be had against the indorser.

We think we have taken notice of all the objections that appellant has made to the judgment, and discovering no error, the judgment will be affirmed.