### Fremont B. Malcolm v. Robert F. Shanklin.

1. SHORT CAUSE CALENDAR—*Motion to Strike Cause From.*—Where a cause has been placed upon the short cause calendar without dissent, and trial by jury waived, a motion thereafter to strike it from such calendar because no replication to the defendant's plea has been filed, is properly overruled.

Assumpsit, on a guaranty. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed June 14, 1897.

## STATEMENT OF THE CASE.

This was an action in assumpsit by appellee against appellant to recover upon the guaranty by the latter of a note for six hundred and fifty dollars, made to the former by William Mitchell and Nellie D. Driver, which note was due December 1, 1895. After a plea of the general issue, with affidavit of meritorious defense, October 19, 1896, both parties appeared; by agreement the case was passed, jury waived, and cause set for trial on November 2, 1896, upon the short cause calendar. No replication was ever filed. Rule 18 of the Circuit Court provides that, "no cause shall be noticed for trial until the same is at issue."

The counsel of defendant who had filed pleas, being ill, other counsel were substituted, who moved to strike the cause from the short cause calendar, because the suit was not at issue when placed on such calendar. This being denied, counsel asked for a few hours time in which to prepare a special plea; this was denied, and upon trial judgment for the plaintiff for the amount of the note was rendered.

DAVID J. WILE, attorney for appellant.

PADEN & GRIDLEY, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The cause having been placed upon the short cause calendar without dissent, and trial by jury waived, the motion thereafter made to strike the cause from the calendar because no replication to the defendant's plea had been filed, was properly overruled. Wheatley, Buck & Co. v. Chicago Trust & Savings Bank, 64 Ill. App. 612.

The cause was originally set for trial on November 2d. Upon that day there was no court. November 9th the case was continued to November 16th on account of the illness of defendant's attorney. November 16th there was no trial of cases on the short cause calendar. November 23d, defendant, after his motion to strike from the calendar had

been overruled, asked for time in which to file a special plea.

We can not say that the court in refusing to give time for the filing of a special plea, abused its discretion. The filing of such plea might have necessitated a further continuance of the cause. No sufficient reason for not having before presented such plea was shown.

The judgment of the Circuit Court is affirmed.