## Gomer E. Highley v. Sophia C. Metzger.

| 86 | 573 |
| 186s | 253 |
| 86 | 573 |
| 102 | 372 |

1. APPELLATE COURT PRACTICE—*When Motions Come Too Late.*— Matters of mere irregularity require a party objecting to move at the first opportunity.

Assumpsit, upon a promissory note. Appeal from the Circuit Court of Cook County: the Hon. JOHN C. GARVER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed January 16, 1900.

GEO. S. STEERE, attorney for appellant; H. W. WAKELEE, of counsel.

LOESCH BROTHERS & HOWELL, attorneys for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This suit was commenced by appellee to recover upon a promissory note made by appellant for the sum of $1,300. Appellant pleaded the general issue and want of consideration. To the latter plea a replication was filed, stating that there was a good and valuable consideration and concluding to the country. No rejoinder was filed to that replication. September 23, 1898, the usual notice and affidavit were filed to place this suit upon the short cause calendar. Upon the notice thus filed were the general number and the term number, and the case was thereupon placed upon the short cause calendar. The call of that calendar was commenced October 31st, more than five weeks after notice to place said cause upon said calendar was served upon appellant's attorney. The day last named appellant moved to strike said cause from said calendar, and in support of such motion filed an affidavit made by the attorney of appellant. That motion was overruled the same day. The trial of cases upon said calendar was not concluded October 31st, and the call thereof was continued the next day, when this cause was reached and tried and judgment entered against appellant.

The points made and urged by appellant in this court as reasons why said judgment should be reversed are, (1) the notice to place the case on the short cause calendar was insufficient, and (2) the case was not at issue when tried.

First. It is a sufficient answer to the first point to say that the motion came too late. Matters of mere irregularity require a party objecting to move at the first opportunity. Johnston v. Brown, 51 Ill. App. 549; Stewart v. Carbray, 59 Ill. App. 397; Belinski v. Brand, 76 Ill. App. 404.

Said affidavit, upon which the motion to strike said cause from the short cause calendar is based, was made October 29th, five weeks after said notice was served upon the attorney who made the affidavit. And besides, there is no substantial reason stated therein why said cause should be stricken from said calendar.

Second. Nothing was wanting to put said cause formally at issue except a *similiter*. There was no error in proceeding to try said cause without the adding of the *similiter*.

The plea of want of consideration is not verified, and there is no statement in said affidavit that appellant has any defense upon the merits.

The judgment of the Circuit Court is affirmed.