Catherine McGuire et al. v. James H. Gilbert, for the use of Kate McGuire, Adm'x, etc.

1. SHORT CAUSE CALENDAR—*Motions to Strike Causes from.*—A motion to strike a cause from the short cause calendar for the reason that it was not at issue when the notice and affidavit were filed, as required by the rules, must be made in apt time.

Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed January 21, 1902.

This is an appeal from a judgment of the Superior Court in a case tried upon the short cause calendar February 19, 1900. Notice to place the cause on the short cause calendar was served on the defendants' attorney and filed November 23, 1899.

The defendants moved to strike the cause from the short cause calendar for the reason that the same was not at issue when the notice and affidavit for placing the cause on the short cause calendar were filed as required by Rule 18 of the Superior Court, but this motion was not made until February 19, 1900, when the cause was called for trial.

The court overruled this motion to strike the cause from the short cause calendar and proceeded with the trial. The defendants offered no evidence and a verdict was rendered against them, a motion for a new trial was overruled and judgment entered against the defendants, from which judgment this appeal is taken.

M. H. HOEY and ALBERT H. MEADS, attorneys for appellants.

MORAN, MAYER & MEYER, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Had the motion to strike the cause off the short cause calendar been made in apt time it would have been error to deny it; as it was, the motion not having been made for nearly three months, and only when the case was called for trial, it was properly refused. Treftz v. Stahl, 46 Ill. App. 462; Johnson v. Brown, 51 Ill. App. 549; Stewart v. Carbray, 59 Ill. App. 397; Wheatley, Buck & Co. v. Chicago Trust & Savings Bank, 64 Ill. App. 612; Belinski v. Brand, 76 Ill. App. 404. The judgment of the Superior Court is affirmed.