## William Freund et al. v. Huylers (a Corporation).

1. SHORT CAUSE CALENDAR—*Motions to Strike Causes from, to be Made in Apt Time.*—It is the duty of an applicant to make his motion to strike a cause from the short cause calendar at the first opportunity.

Assumpsit, for rent. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed June 23, 1902.

**Statement.**—Declaration in assumpsit for rent on a written lease. Plea, the general issue.

After the issues were made up the case was placed on the short cause calendar for September, 1900. It was reached for trial on the 28th of that month. The attorneys for appellee were not present. The Daily Bulletin incorrectly printed the title of the case, and they had no knowledge that it was on the call for that day. Thereupon the case was struck off that calendar.

Another short cause calendar notice was filed by attorneys for appellee February 11, 1901. April 19, 1901, the case was again reached for trial. Then appellants' counsel, appearing specially, moved to strike the case off from the short cause calendar, "the same having been theretofore stricken off from a former short cause calendar." The court overruled this motion. The cause was tried (attorneys for appellants not appearing) and a judgment was rendered against appellants for $250; from which ruling and judgment they perfected this appeal.

LEE, LEE & SCHUCHARDT, attorneys for appellants.

HASTINGS & GOFF, attorneys for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

It will be seen by the statement that this second notice, to place this case on the short cause calendar, after due service on appellants, was filed with the clerk of the Superior Court February 11, 1901; and that the case was not reached for trial until April 19, 1901. Then, and not until

then, did appellants make a motion to strike said cause from off the short cause calendar.

Under these circumstances it is not necessary for us to examine the grounds upon which such motion was based, other than to note that they do not touch the merits of the controversy, but set forth an alleged irregularity only. It was the duty of appellants to make this motion at the first opportunity. Instead of so doing they waited two and one-half months and until the case was called for trial. The court below properly overruled the motion. Treftz v. Stahl, 46 Ill. App. 462; Johnston v. Brown, 51 Ill. App. 549; Stewart v. Carbray, 59 Ill. App. 397; Wheatley v. Chicago T. & S. Bk., 64 Ill. App. 612; Belinski v. Brand, 76 Ill. App. 404; McGuire v. Gilbert, 99 Ill. App. 517.

The judgment of the Superior Court will be affirmed.