## Henry V. Pierpont v. Frank Asbury Johnson.

1. PRACTICE—*Filing Additional Pleas.*—The granting of leave to file an additional plea rests in the discretion of the court, and where it is not abused, there is no error.

2. SHORT CAUSE CALENDAR—*Motion to Strike Cause From.*—A motion to strike a case from the short cause calendar comes too late upon the day when the case is called for trial.

3. BILLS AND NOTES—*Title to Note Deposited for the Purpose of Obtaining a Loan.*—Where the party depositing a note has no intention of passing the title to the bailor except upon the condition that the bailor should secure a loan thereon and pay him the proceeds, the title to the note, as to all parties concerned, fails to pass until the loan is secured.

4. REVENUE STAMPS—*Unstamped Note as Evidence.*—The Superior Court did not err in receiving in evidence a note sued on because there was not affixed thereto sufficient internal revenue stamps.

Assumpsit, on a promissory note. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed October 27, 1902.

HILLIS & McCoy, attorneys for appellant.

ASHCRAFT & ASHCRAFT, attorneys for appellee; E. M. ASHCRAFT, of counsel.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee brought suit in assumpsit against appellant in the Superior Court of Cook County, upon the latter's promissory note dated December 3, 1890, for the sum of $3,700 payable to the order of Ellen Costello, bearing interest at the rate of six per cent per annum, payable semi-annually, and becoming due ten years (or before, at the maker's option) after date, and indorsed in blank by the payee. Interest was paid on the note to June 3, 1900.

Appellee being the holder of the note, in April, 1901, brought the suit, declaring upon the common counts and upon the note specially. The pleas were the general issue and seven special pleas, all to the effect, in substance, that appellee was not an innocent holder of the note for value

before maturity, and that he held it merely as collateral security for attorney's fees, only part of which, it is claimed, he had earned, and that there was not due to appellee as attorney's fees to exceed the sum of $1,000.

A trial before the court and a jury resulted in a verdict, which was directed by the court, of $3,878.81 in favor of appellee and judgment thereon against appellant for that amount.

Appellant claims that the court erred in refusing his motion to file an additional plea on the day the cause was called for trial, but we are of opinion that there was no error in this regard. No showing appears in the abstract nor in the record why said plea was not presented prior to the day of trial, nor is there anything appearing to show the truth of any of the allegations of the plea. Such being the case, and the granting of leave to file the plea being in the discretion of the court, which does not appear to have been abused, we can not say there was error. Millikin v. Jones, 77 Ill. 372; Haas v. Stenger, 75 Ill. 597; Adams v. Chicago, etc., Bank, 54 Ill. App. 672, and cases cited.

A further claim is made that the court erred in not sustaining appellant's motion, made on the day of trial, July 2, 1901, to strike the case from the short cause calendar. We think there is no error shown by the record in denying this motion. The record does not contain any notice nor affidavit under which the case was placed upon the short cause calendar, in the absence of which we are unable to determine when such notice, if any, was given, or when the case was placed upon the short cause calendar. The court was justified in overruling the motion because of insufficient basis therefor. Moreover, if the notice and affidavit, as stated in the motion, were insufficient, and the notice served on May 10, 1901, the motion came too late on the following July 2d, when the cause was called for trial. Johnston v. Brown, 51 Ill. App. 549; Belinski v. Brand, 76 Ill. App. 404, and cases cited; McGuire v. Gilbert, 99 Ill. App. 517, and cases cited.

As to the merits of the case, the substance of appellant's

Pierpont v. Johnson.

alleged defense is that appellee was not an innocent holder of the note sued on for value and before its maturity. The evidence is clear that appellee received the note in question of one E. O. Lanphere as collateral security for an indebtedness from the latter to the former for services as an attorney, which indebtedness was evidenced by a note dated November 16, 1900, for the sum of $3,761.39, bearing interest at five per cent per annum, made by said Lanphere and payable to the order of appellee, on which there was due at the time of the trial, including interest, the amount for which the judgment was entered. Appellee received the note sued on November 16, 1900, from Lanphere, but thereafter in December, 1900, and after the maturity of the note, he being unable to collect the note from the maker, delivered it to Lanphere upon the latter's promise to secure a loan thereon from the Northern Trust Company for the amount of the note. Lanphere, instead of securing the loan as agreed with appellee, and without authority from him, indorsed the note and left it with the Trust Company for collection. As soon as appellee was informed that Lanphere had indorsed the note and left it with the Trust Company for collection, he demanded its return by Lanphere, and it was returned to appellee the following day, ever since which time appellee has held the note. This being the substance of the evidence in the record, we are of opinion that the learned trial judge committed no error in directing the verdict and rendering judgment thereon. It seems clear from the evidence that there was no intention on the part of appellee to pass title to the note in question except upon the condition that Lanphere should secure a loan thereon and pay him the proceeds. This Lanphere failed to do, and therefore the title to the note, as to all parties concerned, failed to pass. Glasgow v. Switzer, 12 Mo. 395–9; Green v. Jackson, 15 Me. 136–9 (3 Shepley); Jacquet v. Creditors, 38 La. Ann. 863–6; Easton v. Ger. Am. Bk., 127 U. S. 532; Clark v. Iselin, 21 Wall. 360–8; Henderson v. Davisson, 157 Ill. 379–81, and cases cited; Best v. Nokomis Nat. Bk., 76 Ill. 608–10.

Appellant also claims that the court erred in receiving in evidence the note sued on, because there was not affixed thereto sufficient internal revenue stamps. The law is well settled against this claim. Richardson v. Roberts, 195 Ill. 27, and cases cited; Latham v. Smith, 45 Ill. 29; Hanford v. Obrecht, 49 Ill. 146; Accident Ass'n v. Seed, 95 Ill. App. 43; Mullin v. Johnson, 98 Ill. App. 621, and cases cited.

Other points presented by appellant's counsel have been considered and do not, in our opinion, require special mention. We think they are not well taken. There being, in our opinion, no error in the record, the judgment of the Superior Court is affirmed.

Mr. Justice BALL took no part in this decision.