### Union Book Company v. Michael Robinson.

1. PRACTICE—*Objections Waived When Not Made in the Trial Court.* —It is too late to raise in this court an objection to an informality which, had attention been called to it at the time, would doubtless have been at once remedied. By not making the objection in the trial court, it is deemed to have been waived.

2. SAME—*Court is Presumed to Have Complied with Its Own Rules.* —In the absence of any showing to the contrary the presumption is that the court, at the time of the trial, complied with its rules in respect to calling the short cause calendar.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed December 30, 1902.

WESTOVER & CARR, attorneys for appellant.

P. J. O'KEEFFE, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit originally brought before a justice of the peace, from whose judgment an appeal was taken by appel-

Union Book Co. v. Robinson.

lant to the Circuit Court. Shortly thereafter, upon a pre-
liminary call in said court of 100 cases, made to ascertain
which of that number were ready for trial, no one appear-
ing when this case was called, the court ordered it stricken
from the docket.

It is first urged that the subsequent proceedings were
erroneous for want of a formal order of re-instatement on
the docket. It does not appear that any formal motion
to re-instate was made; but seven days after the cause had
been stricken off, appellee's attorney served notice on appel-
lant that he would ask leave of court to file in the cause
the transcript of the judgment of the justice of the peace.
When this application was made, the court stated that leave
was not necessary and the transcript could be filed as a
matter of course. This was done accordingly. We regard
these proceedings as re-instating the cause. It is probable
that on the said preliminary trial call the intention of the
court was not to strike the cause from the docket but from
the trial calendar. However that may be it is too late now
to raise in this court an objection to an informality which,
had attention been called to it at the time, would doubtless
have been at once remedied. The objection must be deemed
to have been waived.

It is urged that the court erred in placing the cause on
the short cause calendar. If this objection were well taken,
which the abstract fails to show, it has been waived. No
application to strike the cause off appears ever to have been
made. See Treftz v. Stahl, 46 Ill. App. 462; Johnston v.
Brown, 51 Ill. App. 549; Jones v. King, 86 Ill. 226–227;
Oliver v. Gerstle, 58 Ill. App. 615–616.

It is objected that the cause was called for trial on Thurs-
day instead of Monday, which by rule 18 of the Circuit
Court "is set apart and assigned as the day for the trial of
suits upon the short cause calendar, but any judge may
postpone the call of the short cause calendar." As stated by
appellant's attorney the record is silent whether the call of
Thursday, May 2, 1901, when this case was tried, was pur-
suant to any postponement to that date. In the absence of

any showing to the contrary the "presumption is that the court, at the time of the trial, complied with its rules in respect to calling the short cause calendar." Dickinson v. Bull, 72 Ill. App. 75–77. As is said in Armstrong v. Crilly, 152 Ill. 646–648, there is nothing in the statute or the rule referred to which prohibits the judge from continuing the call of that short cause calendar from day to day, if necessary to dispose of the cases on it for trial.

There is in the record an affidavit of appellee's attorney that on the day of the trial he searched for the files in the cause without finding them, or anything to show who the attorneys for appellant were. It is urged that it was error to proceed with the trial without the files. The presumption is that the court proceeded regularly, in this respect also, and for aught that appears the files were on hand when the case was called for trial.

It may be that appellant has a good defense. But, if so, it had every opportunity to present it, by the use of ordinary diligence. , We find no sufficient excuse for the failure to present its defense at the proper time, and no abuse of judicial discretion in the action of the Circuit Court overruling the motion to set aside the judgment and grant a new trial. The judgment must be affirmed.