## Charles Kaestner, et al., v. Farmers & Merchants State Bank of Marion, Iowa.

### Gen. No. 10,921.

1. COMMON LAW RECORD—*what not part of.* The affidavit and notice pursuant to which a case has been placed on the short cause calendar are not parts of the common law record, and to be the subject of review on appeal, must be preserved by bill of exceptions.

2. RULINGS OF COURT—*presumption in favor of correctness of.* Nothing to the contrary appearing in the record presented on appeal, it will be presumed that the trial court ruled correctly in overruling an unsupported objection.

3. SHORT CAUSE CALENDAR—*when objection to manner in which case has been placed upon, should be raised.* Where objection is raised to the affidavit or notice upon which a case has been placed upon the short cause calendar, such objection should be called to the attention of the court at an earlier date than when the cause is reached for trial.

4. ABSTRACT—*presumption which arises from a defective.* When an abstract is defective in omitting some matter which if it appeared therein might correct an error complained of, the presumption will be indulged by the court that such matter does, in fact, correct such error.

Action of assumpsit upon promissory note. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed February 13, 1904.

PARKER & PAIN, for appellants.

MOSES, ROSENTHAL & KENNEDY, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a judgment in favor of appellee upon a promissory note. The cause was tried on the short cause calendar. The alleged errors relied upon are, first, that the trial court erred in refusing to strike the case from the short cause calendar; and second, that the verdict and judgment are against the weight of the evidence.

The bill of exceptions fails to preserve the affidavit and notice in pursuance of which the case was placed upon the short cause calendar. They appear to have been inserted in the transcript of record where they have no place (Wheeler & Tappan Co. v. Dahms, 50 Ill. App. 531), and where their authenticity is not certified to, as it would have been in their proper place in a bill of exceptions. The bill of exceptions states that appellants' attorney objected to proceeding with the trial because, as they asserted, the cause was not properly put on that calendar. The objection was overruled and an exception preserved. But there is nothing in the bill of exceptions showing any reason given or grounds stated why the objection should have been sustained. Nothing appearing to the contrary, it will be presumed the trial court acted correctly in overruling the unsupported objection. Gaynor v. Hibernia Savings Bank, 166 Ill. 577, 579. Precisely the same objection which is urged here was considered in Oliver v. Gerstle, 58 Ill. App. 615. If, however, there was any irregularity in the affidavit or notice, it should have been called to the court's attention at an earlier date than when the case was reached for trial. Freund v. Huylers, 102 Ill. App. 486.

It is urged that the verdict and judgment are against the weight of the evidence, the contention being that the note was altered by the insertion of the figure six, denoting the rate of interest. In this view we do not concur. There was a special finding by the jury, the nature of which the

abstract fails to show. Where an abstract is defective in this way it will be presumed that the finding was against appellant, whose duty it is to present a proper abstract. In the present instance this presumption is borne out by the record. The jury by their verdict settled the conflict in testimony in favor of appellee, and their finding was amply justified by the evidence.

The judgment of the Superior Court will be affirmed.

*Affirmed.*