## Crystal White Soap Co. v. Susan J. Roseboom.

1. Estoppel—*By Representations—Corporations.*—Where a concern assumes and holds itself out to be a corporation, it will not be permitted to deny its legal identity as such, as against those with whom it has assumed to be and acted as a corporation.

Action for Rent.—Error to the Circuit Court of Cook County; Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed November 8, 1900.

Statement.—This suit was brought by the defendant in error to recover from plaintiff in error an amount claimed to be due as rent or for use and occupation by plaintiff in error of certain premises belonging to defendant in error. The original declaration is the common counts with an affidavit that the demand is for rent due on a lease. Subsequently an additional count was filed claiming for the use and occupation of said premises.

The evidence tends to show that defendant in error executed a lease in writing of said premises to one J. T. Mason; that it was then stated and understood between the parties that the plaintiff in error corporation was being organized; that said lease was for the use and benefit of, plaintiff in error; that it was then understood that when the organization of plaintiff in error was completed it should occupy said premises and pay the rent therefor, and that said lease would be assigned to it by said Mason; that to that end and to accomplish that purpose defendant in error in writing consented that said Mason might sub-let said premises; that soon after said lease was made plaintiff in error went into possession of said premises and continued to occupy the same until the building was destroyed by fire; that the total amount of rent for the time said premises were occupied by plaintiff in error is $1,016.63; that plaintiff in error paid on account thereof $350 per checks, and made certain repairs amounting to $149.38, which was allowed to it by defendant in error on account of rent; that

defendant in error made a statement of account to plaintiff in error showing said items and showing a balance due from plaintiff in error to defendant in error of $517.25; that officers of plaintiff in error promised to pay such balance and that it has never been paid.

The evidence also tends to show that by arrangement with said Mason, plaintiff in error was to pay as rent for said premises the same amount that was to be paid to defendant in error; that a part, if not all, of the rent which was paid by plaintiff in error was paid directly to defendant in error; that a part of said premises was re-rented for a time to the Superba Soap Company, but the rent paid by that company was not paid to defendant in error and was paid to or for the benefit of plaintiff in error; and that said Mason first went into possession of said premises upon the making of said lease.

The evidence shows that said Mason continued to be in and about said premises from about the time said lease was made until said building was destroyed.

At the head of letters to the agent of defendant in error concerning rent of said premises and promising to make payments on account of same, and signed in the name of plaintiff in error by said Mason as manager, appear the names of the president, vice-president, secretary and treasurer of plaintiff in error, besides that of said Mason as manager. In one of said letters it is said: "We enclose you herewith our check No. 544 for $150, on account of rent." In others are like expressions. The evidence tends to show that all the money paid on account of rent of said premises was by checks signed in the name of plaintiff in error by one of its officers.

JOHN C. WILSON, attorney for plaintiff in error; WILLIAM E. MASON and LEWIS F. MASON, of counsel.

RUDOLPH FRANKENSTEIN, attorney for defendant in error.

MR. JUSTICE HORTON delivered the opinion of the court. In this case the jury rendered a verdict for $517.25, the

exact amount of the balance claimed to be due by the account referred to in the above statement. A motion for a new trial was overruled and judgment entered upon the verdict. To reverse that judgment a writ of error was sued out of this court.

It is claimed by counsel for plaintiff in error that there is no evidence that plaintiff in error was at any time legally organized. The evidence does not embrace a copy of the charter or certificate of organization of plaintiff in error, but it appears that plaintiff in error assumed and held itself out to be a corporation and it will not now be permitted to deny its legal entity as against those with whom it has assumed to be and acted as a corporation.

It is contended by counsel for plaintiff in error that the trial court erred in giving to the jury the one instruction asked by defendant in error. That instruction is as follows:

"The court instructs the jury that if they believe from the evidence that J. F. Mason entered into the lease in evidence with the plaintiff, Susan J. Roseboom, in his own name, and that at the time of signing and execution of said lease that it was understood and agreed that said lease was being executed for the Crystal White Soap Company then in process of becoming incorporated, and that said Crystal White Soap Company, after becoming incorporated, afterward moved into the premises so demised, occupied and paid rent to the said Susan J. Roseboom at the rate mentioned in said lease, and that said Susan J. Roseboom recognized said Crystal White Soap Company as her tenant, then the jury are instructed that they should find the issues for the plaintiff."

We see no error in this instruction. On the contrary, it seems to us to be carefully prepared; to fairly present the question of fact upon the evidence, and to state the law correctly.

It is also contended by counsel for plaintiff in error that the court erred in modifying some of the instructions, and in refusing others asked by plaintiff in error. These instructions cover six pages of the abstract. It is not thought to be necessary to review them in detail. The verdict is clearly right upon the merits. There is no substantial error in

modifying or refusing the instructions of plaintiff in error. Even if there be some technical error in the instructions, which does not reach or affect the merits of the case, it is not the duty of this court to reverse the judgment for that reason when substantial justice has been done. The judgment of the Circuit Court is affirmed.