The United States Express Company *v.* Bedbury.

# THE UNITED STATES EXPRESS COMPANY

*v.*

# JOSEPH H. BEDBURY.

1. BY WHAT NAME OR STYLE *a party may be sued.* The seventh section of the attachment law declares that defendants may be designated by their reputed names, by surnames, and joint defendants by their separate or partnership names, or by such names, styles or titles as they are usually known. A proceeding in garnishment is governed by that provision, and if the parties are designated as there provided, it will be sufficient.

2. SAME — *in case of a firm or corporation.* If the "United States Express Company" is a firm, they were properly garnisheed by that name; if a corporation, they were sued by their proper designation; and if a corporation, the service was properly made on the agent of the company.

3. APPEARANCE — *name by which entered, admission thereby.* Defendants appeared by the name of the "United States Express Company," which is an admission that such is their name. Such a name imports that those doing business by that name are an incorporated company. An association of persons who assume a name which imports a corporate existence, and by it exercises corporate powers, they should not be permitted to deny their corporate existence.

4. ERROR — DISCRETION — *setting aside judgment against garnishee.* Where service has been had, a conditional judgment rendered, interrogatories filed, a *scire facias* served, and the garnishee fails to answer, and a final judgment entered, it is discretionary in the court to set aside the judgment, and a failure to do so cannot be assigned for error

APPEAL from the Superior Court of Chicago.

This was a proceeding by garnishment, commenced by Joseph H. Bedbury against the United States Express Company, as garnishee of Henry H. Knights, in the Superior Court of Chicago, to the August term, 1863.

On the 24th of July, 1863, M. Byron Rich, attorney of the plaintiff below, filed his affidavit in the Superior Court of Chicago, setting forth that on the 10th day of April, 1862, Joseph H. Bedbury, in the Superior Court of Chicago, recovered a judgment against Henry H. Knights, in the sum of one hundred and forty-three dollars and six cents damages, and seven dollars and fifteen cents costs. That on the 17th day of April, 1862, execution issued on said judgment, directed to the sheriff

of Cook county, for the collection of said damages and costs. That on the 15th of July, 1862, execution was returned by the sheriff aforesaid, no property found in his county; and execution was returned in no part satisfied. That said judgment is wholly due, and unpaid, and unsatisfied, and that said Knights has no property within the knowledge of affiant in possession of said Knights, liable to execution; that he verily believes that Knights has no property subject to execution; that Knights resides in the county of Cook; and that affiant has just reasons to believe, and does believe, that the " United States Express Company," *so called*, and the American Express Company, so called, are both indebted to Knights, or have effects or estate belonging to said Knights.; and that there is danger that the benefit of said judgment will be lost unless the said United States Express Company be served as garnishee of the said Knights, according to the statute in such case made and provided.

A summons was issued out of the Superior Court of Chicago, against the United States Express Company, as garnishee of Henry H. Knights, returnable at the August term, 1863, of the court, in favor of Joseph H. Bedbury.

Return of summons in garnishee process as follows: " The president of the said United States Express Company, not residing in my county, on the 24th day of July, 1863, I, on that day, served this writ on the within named, the United States Express Company, as garnishee, by reading and delivering a copy thereof to Harvey Colvin, who is the agent of the said United States Express Company; also served the American Express Company as garnishee, by reading and delivering a copy to James C. Fargo, who is the agent of the said American Express Company, and by delivering a copy thereof to D. B. Cook, who is a clerk of the same company, this 24th day of July, 1863.

" DAVID S. HAMMOND, *Sheriff*,
By JOHN A. NELSON, *Deputy*."

On the first day of August, 1863, the plaintiff below, by his attorney, filed interrogations in said suit for the United States

Express Company to answer, as garnishee of Henry H. Knights.

On the seventh day of October, 1863, of the October term of Superior Court, the default of the United States Express Company, was entered by the court of record, and the same time a conditional judgment was rendered by the said court against the United States Express Company, as garnishee, and further ordered by the court that a *scire facias* issue against garnishee, returnable at the next term of said court.

On the seventh day of October, 1863, *scire facias*, issued out of said court against said garnishee, reciting the foregoing proceedings, returnable to the November term, 1863, of said court.

On the 15th day of October, 1863, the *scire facias* was returned into said court, with the following return of service:

Served this writ on the within named United States Express Company by reading and delivering a copy thereof to Harvey D. Colvin, agent of the said company, this 15th day of October, 1863, the president of said express company not residing in my county.

DAVID S. HAMMOND, *Sheriff*,
By JOHN A. NELSON, *Deputy*.

The express company having failed to answer the interrogatories filed in the cause, the court, at the November term, 1863, made the conditional judgment final, and awarded execution; and at the same term the express company entered a motion to set aside and vacate the judgment and permit an answer to be filed. This motion was based on the affidavits of the attorney and of the agent of the company. The attorney states that he was retained to appear and answer the interrogatories; but understood that the suit was pending in the Circuit Court of Cook county, and that the *scire facias* was returnable on the third Monday in November. That on the 8th day of that month he went to Mt. Vernon, and was engaged in the argument of causes in this court, and did not return to Chicago until the 18th, and immediately went to the office of the circuit clerk of Cook county to get the papers; and there learned

for the first time that the suit was pending in the Superior Court, and that a final judgment had been entered in the case. That he had expected to have been able to return to Chicago in time to have prepared the answer to the interrogatories, but was unable to return in time to prepare the answer.

H. D. Colvin, the agent of the company, states that he, immediately after he was served with the *scire facias*, employed an attorney to appear and attend to the suit, and did not give further attention to the matter; that he did not learn, until the 28th of November, that the attorney thus employed had failed to attend to the case; that the company was not indebted to Knights, in any sum or in any manner whatsoever; that at the time he retained counsel he was leaving for New York, and that he did so leave and was absent for some five weeks.

On these affidavits the court entered a rule that the judgment be vacated, unless Bedbury should show cause by the 9th of December, 1863. In answer to the rule, he filed the affidavit of Rich. It states that he was attorney for plaintiff below; that at the time of taking final judgment he was informed of another party indebted to Knights, where he could secure the debt against original defendant, but relying on the final judgment against the garnishee, and that the garnishee was indebted to Knights in amount of judgment, affiant declined to garnishee another party; that since he learned of the order *nisi*, he immediately inquired in regard to the new party proposed to be garnisheed, and was given to understand, and believes it to be true, that the said party proposed to be garnisheed had paid all he owed said Knights; that had the garnishee in this suit answered that he was not indebted seasonably, he should have issued another garnishee process, and believes he should have secured the whole or a large part of debt due plaintiff below; that he believes Knights keeps no property subject to process, and is insolvent, but is informed and believes that for some years past he has been in the employ of said United States Express Company on large salary, and still remains in such employ, on such salary, payable monthly, or as Knights may require payment; that neither he nor Bedbury had actual or constructive notice

of the making said motion to set aside and vacate said judgment by said Express Company, nor knew that the motion had been or was to be made, until after it had been granted, nor until after the adjournment of the November term, and that at no time have they, or either of them, been served with the affidavits or copies thereof used in support of said motion. The court thereupon set aside the order *nisi*, to reverse which, the company prosecutes this appeal; and assigns for error, "that the court erred in setting aside the order *nisi;* in rendering a conditional judgment against defendants below; in rendering a final judgment against defendants as garnishees; in taking jurisdiction of the persons of the defendants, for want of personal service.

Messrs. BATES & TOWSLEE for the appellants.

Messrs. HERBERT, RICH & SHEPHERD, for the appellees.

1. The record contains, properly, only: 1. Rich's affidavit, July 24, 1863; 2. Summons; 3. Service; 4. Interrogatories; 5. Conditional judgment and order for *sci. fa.;* 6. *Sci. fa.;* 7. Final judgment; 8. Order *nisi;* 9. Order vacating order *nisi;* 10. Bill of exceptions containing Beckwith's, Colvin's and Rich's affidavits, &c.

*The answer of garnishee, filed Dec. 3, is no part of the record, being stricken from the files.* And all the other papers not named above, included in the transcript, are no part of the record, and will be disregarded, and plaintiff in error will be chargeable with the unnecessary cost of incorporating them therein. 4 Scam. 419; 3 Gilm. 326–366; 2 id. 727; 4 id. 126; 5 id. 209; 13 Ill. 573; 14 id. 558; 16 id. 289; 20 id. 221; 21 id. 40; 23 id. 209.

2. The affidavit of Rich conforms to the Stat. 1845, ch. 57, sec. 38, and whether the defendant below was a corporation or copartnership, it was equally sufficient as the foundation of jurisdiction. Stat. 1845, ch. 90, sec. 29; id. ch. 9, sec. 7.

By Stat. 1845, ch. 57, sec. 39, the proceedings in garnishee process in aid of execution, are to be conducted "*in the same*

*manner as is required by law against garnishees in original attachments:" and by Stat.* 1845, *ch.* 9, *sec.* 7, *" concerning attachments, it is sufficient to designate parties by their reputed names, or partnership names, or such names, styles or titles as they are usually known by."*

The words of the statute are used; whatever else is set out on information and belief, is mere surplusage and redundancy, and will not vitiate the affidavit. *Chester* v. *Rumsey*, 29 Ill. 99.

These proceedings are wholly under our local statute, changing the common law, and citations from Chitty's Pleading and Vermont Reports are inapplicable.

3. *Service of summons sufficient.* If a corporation, it is conformable to the statute.

It is not necessary that every fact and the evidence necessary to sustain it should appear in the record. This court will make liberal intendments to sustain the jurisdiction of the Circuit Court, which is a court of general jurisdiction, and they having obtained jurisdiction of the original case, and rendered a judgment, this court will even presume, if necessary, where the court below acts, that it had jurisdiction. "It is not necessary that all the facts and circumstances which justify its action should affirmatively appear upon the face of its proceedings." *Propst* v. *Meadows*, 13 Ill. 169. The court here finds " *due service.*" It will be presumed that every fact necessary to constitute due service was found, and found on competent evidence. *Langworthy* v. *Baker*, 23 Ill. 490, where this principle is applied to jurisdictional facts.

Courts even of inferior or limited jurisdiction, if they have general jurisdiction of the subject matter, are competent to determine the existence of all facts necessary to jurisdiction, and the exercise of the jurisdiction warrants the presumption that the facts which were necessary to be proved were proved. *Grignon's Heirs* v. *Astor*, 2 How. 339. "It did then appear to the court that there were facts and reasons before them which brought their power into action, and that it was exercised; and the record does not specify the facts and reasons, or refer to the evidence on which they were made to appear to the judicial

eye; they must have been, and the law presumes they were, such as to justify their action." *Grignon's Heirs* v. *Astor*, 2 How. 339.

The record showing "due service," all the minor facts on which that depended will be presumed to have been proved by competent testimony. *Conway* v. *Case*, 22 Ill. 139; *Russell* v. *Whiteside*, 4 Scam. 11.

The summons and return, though evidence on this point, are not the only evidence. *Mineral Pt. R. R.* v. *Keep*, 22 Ill. 16. If, as there suggested, affidavits or plea in abatement had been resorted to, Colvin's affidavit would have settled these facts.

Redundancy in return, or record does not invalidate. *Chester* v. *Rumsey*, 26 Ill. 99.

4. The act of the court refusing to set aside the judgment on default, was within its discretion. This we concede.

It cannot, then, be assigned for error. *Harrison* v. *Clark*, 1 Scam. 135, 144, 321, 520, 524, 542; *Little* v. *Carlile*, 2 id. 375, 493; *Kinney* v. *People*, 3 id. 360; *Greenleaf* v. *Roe*, 17 Ill. 474; *Moir* v. *Heptein*, 21 id. 557.

This discretion, a legal discretion, exercised on well-established equitable principles, for an equitable purpose. It is not merely the capricious personal opinion of the judge dispensing it. *Frisbie* v. *Ballance*, 4 Scam. 299.

But in equity the plaintiff in error is entitled to no relief, being guilty of laches, culpable neglect, misconduct and inattention; for here on their own showing on affidavit, they had actual notice, and retained counsel, and had their day in court. *Owens* v. *Ranstead*, 22 Ill. 162.

The employment of an attorney merely, not diligence— *Harrison* v. *Chipp*, 25 Ill. 575—never, where the party himself has a personal act to perform in court, *e. g.*, to answer under oath.

Mr. Chief Justice Walker delivered the opinion of the Court:

It is insisted as a ground of reversal, that there is nothing in the record to show that plaintiff in error was a corporation;

30 — 34th Ill.

and if there is no such evidence, the presumption should be, that it is a copartnership. And if it was a copartnership that the suit should have been against the individuals composing the firm. That it is irregular to sue a firm by its partnership name. The seventh section of the attachment act, Scates' Comp. 229, declares, that in original attachment proceedings defendants may be designated by their reputed names, by surnames, and joint defendants by their separate or partnership names, or by such names, styles, or titles as they are usually known. Whatever may be the common law governing such cases, this act has made it sufficient, if the defendants are described by their firm name, by the style or title by which they are known. In this case the plaintiffs in error are known by the firm name, the style or the title by which they are sued. If they compose a partnership they are properly sued, if a corporation the designation is correct; so no error is perceived in the description by which plaintiffs in error were sued, whether they are a corporation or only a partnership.

It is insisted that the service of the garnishee process upon the company was insufficient to sustain the judgment. By the amended return it appears, that if plaintiffs in error is a corporation the service was sufficient, and in strict compliance with the statute. It states, that the president of the company not residing in the county in which the suit was pending, that the writ was served upon the company as garnishee, by reading and delivering a copy thereof to Henry Colvin and James C. Fargo, agents of the company, and on D. B. Cooke, their clerk.

This, then, presents the question whether this is a corporation. Plaintiff in error appeared to the suit by the name of the " United States Express Company," and this is a sufficient admission that such is their name. In the case of *Henriques* v. *Dutch West India Company*, 2 Raym. 1535, it was held, that the name of the company imported a corporation. And the same rule has been announced or recognized in the courts of New York in the case of *Stoddard* v. *Onondaga Conference*, 12 Barb. 570; *Kennedy* v. *Cotton*, 28 id. 62.

These cases show that such a name imports a corporation.

It seems to comport with reason, that when an association of persons assume a name, which implies a corporate body, and exercise corporate powers, should not be heard to deny that they are a corporation. When they do act and contract they are estopped from denying their corporate liability.

The first section of the act providing for garnishee proceedings, declares that the court may proceed against garnishees in the same manner as is required by law in original attachment suits. It then follows, that the service being sufficient under the seventh section of the attachment act, it must be so held in this proceeding. There was no want of jurisdiction, because of the absence of sufficient service upon the company.

It was likewise insisted that the court below erred in refusing to set aside the judgment by default against the garnishee. Process was duly served, a conditional judgment was entered, interrogatories filed, the company failed to answer and a judgment by default was entered. Application was afterwards made to set aside this judgment on affidavits, in which it was alleged that an attorney was employed to prepare the answer, who was absent when the default was taken, in attendance on business in this court. That he was mistaken as to the court in which the answer was required to be made, and thus omitted to file it as he intended and would otherwise have done. The agent of the company swears that he retained the attorney, and afterwards gave no further attention to the matter, and left immediately after he was served for New York city, on business, and did not return for some five weeks afterwards.

He fails to state that he gave any information or directions to the attorney as to the preparation of the answer. It is not diligence for a party merely to retain counsel to prepare an answer to interrogatories, propounded to, and which are required to be answered by the party himself, and under oath. The company, we think, fails to show diligence in preparing their defense. But even if this were not so, it rests alone in the sound discretion of the court whether a judgment by default shall be set aside and the party permitted to make a defense. And if satisfied that justice required it, the court

below should have set it aside. This is the well recognized rule, and is of uniform application. Being a matter of discretion in the court below, this court will not review or correct its decision on error.

No error is perceived in this record, and the judgment of the court below is affirmed.

*Judgment affirmed.*