JOHN E. FITZPATRICK, Receiver,

*v.*

GEORGE RUTTER.

*Filed at Ottawa January 20, 1896—Rehearing denied March 13, 1896.*

1. ESTOPPEL—*what will estop association to deny its corporate existence.* An association whose name implies a corporate body, and which has authenticated its acts by a common seal and exercised corporate powers, is estopped to deny its corporate existence.

2. PARTIES—*unincorporated society—all members need not be made parties.* It is not necessary, in equity, to make parties to a suit against a voluntary association, all its members scattered throughout the United States and Canada, but service upon a part, acting for other members as well as themselves, is sufficient.

3. SERVICE—*of process upon unincorporated society—how made.* Service upon the secretary of an association composed of many members scattered throughout the United States and Canada, is sufficient to give jurisdiction of a suit in equity against the association.

4. JUDGMENT—*collateral attack upon, under creditor's bill—when not permitted.* The judgment in the original suit cannot be attacked under a creditor's bill to enforce it, on the ground that the declaration was not filed within ten days before the first day of the second term at which the judgment was rendered on default.

*Fitzpatrick* v. *Rutter,* 58 Ill. App. 532, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

JAMES C. McSHANE, for appellant :

While in some cases an association may be estopped from denying corporate existence, yet no conduct upon the part of an unincorporated association will ever make it a corporation. The law prescribes the manner in which a corporation can be formed, and it requires a strict compliance with statutory regulations in order to incorporate. *Gent* v. *Insurance Co.* 107 Ill. 688; *Diversey* v. *Smith*, 103 id. 388; Angell & Ames on Corp. (11th ed.) sec. 783; *Creswell* v. *Oberly*, 17 Ill. App. 283; *Bigelow* v. *Gregory*, 73 Ill. 201.

Estoppel *in pais* is based on fraudulent purposes and fraudulent results. If the element of fraud is wanting there is no estoppel. There must be deception, and change of conduct in consequence, in order to estop the party from showing the truth. *Davidson* v. *Young*, 38 Ill. 146; *Powell* v. *Rogers*, 105 id. 318 ; *Chandler* v. *White*, 84 id. 435; *Meyer* v. *Erhardt*, 88 id. 452; *Flower* v. *Elwood*, 66 id. 447; *Hill* v. *Blackwell*, 113 id. 290 ; *Mateer* v. *Green*, 31 Ill. App. 471; *Keith* v. *Lynch*, 19 id. 474; *Bank* v. *Schott*, 34 id. 115.

A voluntary association can only be sued at law by making all its members parties defendant. 1 Dicey on Parties, 149; *Detroit S. B.* v. *Detroit A. V.* 44 Mich. 313; *Niven* v. *Spickerman*, 12 Johns. 401 ; *Pipe* v. *Bateman*, 1 Iowa, 369 ; *Boyd* v. *Merriell*, 52 Ill. 151; *Lloyd* v. *Loaring*, 5 Ves. 773 ; 7 Dana, 190.

One member of a voluntary association cannot maintain an action at law against the association or another member. *McMahon* v. *Rauhr*, 47 N. Y. 67; *Huth* v. *Humboldt*, 61 Conn. 627 ; *Warren* v. *Stearne*, 19 Pick. 73 ; *Bailey* v. *Bancker*, 3 Hill, 188.

Even admitting that this judgment is not void, a court of equity will refuse to enforce such a judgment. *Wad-*

*hams* v. *Gay,* 73 Ill. 430; *Durham* v. *Field,* 30 Ill. App. 123;
*Shepherd* v. *Spear,* 41 id. 208; *Hamilton* v. *Houghton,* 2 Bligh.
169; 2 Daniell's Ch. Pr. (6th Am. ed.) 1586; *O'Connell* v. *Mc-
Namara,* 3 Dr. & W. 411; *Heuer* v. *Schafner,* 30 Ill. App. 337;
*Hier* v. *Kaufman,* 134 Ill. 215; *Lawrence Manf. Co.* v. *Cotton
Mills,* 138 U. S. 552; *Gay* v. *Parpart,* 106 id. 679; *White* v.
*Parnther,* 1 Knapp's P. C. 179; *Fadden* v. *McFadden,* 44 Cal.
306; Adams' Eq. 416; Mitford's Ch. Pl. 96; *Bean* v. *Smith,*
2 Mason, 252; Story's Eq. Pl. sec. 430.

WILLIAM E. HUGHES, for appellee:

The fact that the declaration against the association
was filed nine days before the first day of the second
term, instead of ten days before, was an irregularity which
it was competent for defendant to either expressly or im-
pliedly waive. *Waidner* v. *Pauly,* 141 Ill. 442; *Magnusson* v.
*Cronholm,* 51 Ill. App. 473; *Cullander* v. *Gates,* 45 id. 374.

In a collateral proceeding the jurisdiction of the cir-
cuit court to render the judgment must be presumed.
*People* v. *Seelye,* 146 Ill. 221; *Railway Co.* v. *Town of Calumet,*
151 id. 512; *Clark* v. *Kern,* 146 id. 348; *Swiggart* v. *Harber,*
4 Scam. 364; *Buckmaster* v. *Carlin,* 3 id. 104; *Hernandez* v.
*Drake,* 81 Ill. 34; *Monroe* v. *People,* 102 id. 406; *Kenny* v.
*Greer,* 13 id. 432.

*Quinn* v. *People,* 146 Ill. 275, was a proceeding by cred-
itors' bill to reach property to satisfy a judgment on
recognizance. It was held that the judgment upon which
the creditors' bill was filed could not be attacked. See,
also, *Sawyer* v. *Moyer,* 109 Ill. 461; *Ambler* v. *Whipple,* 139
id. 311.

We contend that, under the decisions in *Powder Co.* v.
*Hotchkiss,* 17 Ill. App. 622, *Express Co.* v. *Bedbury,* 34 Ill. 459,
and *Hudson* v. *Cemetery Co.* 113 id. 618, the Switchmen's
Mutual Aid Association of North America is properly
held a corporation *de facto.* See, also, Bigelow on Estop-
pel, (4th ed.) 525; *Dooley* v. *Glass Co.* 15 Gray, 494; *West* v.
*Agricultural Board,* 82 Ill. 205.

Mr. JUSTICE WILKIN delivered the opinion of the court:

On November 20, 1893, George Rutter filed in the circuit court of Cook county his declaration in assumpsit against the Switchmen's Mutual Aid Association of North America, of which he was a member, to collect an indemnity of $1000, claimed to be due him, under the rules of the association, for injuries sustained in a railroad accident. Summons was issued and served upon the officers of the association, but the declaration was not filed ten days prior to the first day of the January term, 1894. By agreement of counsel, however, it was stipulated that the association would take no advantage of the failure to file the declaration in proper time. The declaration was filed on the first day of the January term, 1894, and on March 13 following, no plea being on file, judgment by default was taken against the defendant association. Execution having been issued thereon and returned no property found, Rutter, on June 18, 1894, filed a creditor's bill in the Superior Court of Cook county, based on the judgment of March 13, to discover and reach moneys in the hands of the association. The defendant was served with summons, just as it was in the suit at law. No answer being made, it was defaulted. The officers of the association answered, for themselves and the other members of the association, and upon their answer being replied to, the cause was referred to a master and proofs were taken upon the issue thus formed. The decree of the court was in favor of complainant. Defendants severally prayed an appeal, but afterward withdrew their prayer for appeal, and John E. Fitzpatrick, as receiver of the association, having been appointed by the circuit court on July 21, 1894, made himself a party to the cause and perfected the appeal. The cause was taken to the Appellate Court for the First District, and is brought here to reverse the decision of affirmance in that court.

The first ground upon which appellant relies for reversal here is, that the circuit court had no jurisdiction

over the person of the defendant association, as it was sued as a corporation, summons being issued and served upon its officers only, instead of each of the members, as should have been done, to bring a voluntary association within the jurisdiction of the court. If a court has proceeded without jurisdiction, its judgment is absolutely void for every purpose, and will be so declared in any court in which it may be presented, and that question is therefore proper to be considered here. But we think, from an examination of the record, the Appellate Court and the trial court were justified in finding, from the evidence, that the association was a *de facto* corporation, and properly served with process. The Switchmen's Mutual Aid Association of North America had an organization, consisting of directors, a president, secretary and other officers. Its name implied a corporate body. It authenticated its acts by a common seal and exercised corporate powers, and it is thus estopped from denying its corporate existence. *United States Express Co.* v. *Bedbury,* 34 Ill. 459.

However, if it be conceded that it is but a voluntary association, it is not necessary, as is urged by counsel for appellant, that all the members of the association be made parties and each be served with summons. In general, all persons interested in the subject matter in controversy should be made parties. But there are exceptions to this rule. The members of the Switchmen's Mutual Aid Association of North America are scattered over almost every State of the Union and in Canada, and service in the manner contended for would be impossible, and to require it would be to deprive the complainant of all remedy. Where the parties are numerous and it is impracticable to bring all before the court, as in this case, service upon a part, who act for other members of the association as well as themselves, will be a sufficient service upon the whole. (*Guilfoil* v. *Arthur,* 158 Ill. 600.) In the case under discussion, the service, as appears from

the sheriff's return upon the summons, was had upon the "Switchmen's Mutual Aid Association of America, by delivering a copy thereof to W. A. Simsrott, secretary of said company, this 5th day of December, 1893, the president not found in my county." This, we think, under the exception above referred to, was a sufficient notice to the association, and adequate service to give the circuit court jurisdiction.

But, even conceding the law court to have had jurisdiction, appellant next urges that because the declaration was not filed within ten days prior to the first day of the January term, 1894, at which default was taken and the judgment rendered against the defendant association, the judgment was erroneous. This is a new proceeding,—a creditor's bill, in a court of chancery; and under the well established rules of this court appellant cannot, in this collateral proceeding, be heard to say the judgment in the original suit was wrong. If the declaration was not filed in proper time and that irregularity not waived by the defendant, this would have been but error, as the Appellate Court has properly held, and not reviewable in this cause. *People* v. *Seelye*, 146 Ill. 189, and cases there cited; *Quinn* v. *People*, id. 275.

As a last objection, counsel say, even admitting that the judgment in the action at law is not void, a court of equity should refuse to enforce it, upon the ground that it is shown to be unjust and inequitable. But we think, as did the Appellate Court, that no injustice was done appellant in the rendering of that judgment, and that, under the facts appearing in the record, the court of chancery would not have been warranted in withholding its aid from the appellee upon that ground.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*