### Auburn Cycle Company v. James Foote.

I. NOTICE—*Method of Service.*—When a statute requires notice and the method of service is not laid down, it is understood that there shall be personal service.

2. SAME—*Irregularity in Service of, Waived.*—Irregularities in the service of a notice on legal proceedings may be waived by an appearance and filing affidavits in the case.

3. TRIALS—*Proceedings at, How Preserved.*—What accrues in the presence and hearing of a trial judge, can be brought to the attention

Auburn Cycle Co. v. Foote.

of an Appellate Court, only by the certificate of the judge, that such things did take place.

4. VERDICTS—*Sufficiency of Affidavits on Motions to Set Aside.*—A party against whom a verdict has been reached in his absence, should, upon an application to set it aside, show, by setting out the facts, that he has a meritorious defense or cause of action.

5. CORPORATIONS—*Denial of Corporate Existence.*—The fact that a defendant has held itself out as a corporation to persons dealing with it is sufficient to make out a *prima facie* case of corporate existence.

6. APPEALS—*From Justices—Practice.*—When an appeal from a justice of the peace is taken by the defendant, it is not necessary for the plaintiff to summon him into the court to which the appeal is taken. The filing of the transcript brings him into court.

**Transcript**, from a justice of the peace. Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed April 15, 1897.

MAPLEDORAM & DUFFY, attorneys for appellant.

KNIGHT & WAGNER, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

In this case, begun before a justice of the peace, judgment being there rendered against the defendant, it took an appeal to the Superior Court.

October 27, 1896, the plaintiff filed the justice's transcript, and November 25th an affidavit and notice to place the cause upon the short cause calendar. The affidavit of service of said notice was as follows:

"State of Illinois, Cook County: Wm. R. Wagner, being duly sworn, deposes and says that he served the within notice by leaving a copy of the same at the office of Mapledoram & Duffy the 25th day of November, 1896.

WM. R. WAGNER.

Subscribed and sworn to before me, this 25th day of November, 1896.

STEPHEN D. GRIFFIN, Clerk."

December 12th the defendant filed an affidavit denying that it was, when suit was begun, or is, a corporation, and

stating that it is a partnership doing business under the name of "Auburn Cycle Company," giving the names of the partners.

December 21st, the case was called for trial upon the short cause calendar of Judge Goggin. Whereupon the defendant at once moved to strike the cause from such calendar, because, *inter alia*, the affidavit of service of notice did not show service in accordance with Rule 12 of said court. Rule 12 is as follows:

"Rule 12. Notice to the opposite party must be in writing, state the motion, designate the judge before whom tl e same is to be made and the place of hearing, and be served by delivering a copy to such party, or his attorney of record, before 4 p. m. of the day preceding the day mentioned in the notice for calling up such motion.

The service of a motion upon an attorney by leaving a copy thereof at his office, in his absence, with a clerk or other person in charge of such office, shall be regarded as a service upon such attorney."

Which motion was overruled, and a trial immediately had with the result of a verdict and judgment against the defendant for $186.

The short cause calendar statute provides for ten days' notice to the defendant, his agent or attorney.

Where a statute requires notice and the method of service is not laid down, it is understood that there shall be personal service. Wade on Notice, Secs. 1334, 1335.

Whether by a rule of court the necessity for personal service can be dispensed with, and whether Rule 12 is applicable to a notice to place upon the short cause calendar, which notice does not require the making of a motion or an appearance in court, are questions which not being presented by counsel, we do not feel called upon to decide.

Under neither statute nor rule of court does the affidavit show service of notice.

The writer of this opinion is inclined to think that for this reason the cause should have been stricken from the short cause calendar; a majority of the court hold that the

defendant by the affidavit denying that it was a corporation, filed seventeen days after the filing of the affidavit of service of notice, the " irregularity " in the service was waived, following, it is said, the rulings in:   Treftz v. Stahl, 46 Ill. App. 462; Stewart v. Carbray, 59 Ill. App. 397, and Johnston v. Brown, 51 Ill. App. 549.

While the defendant did not deny that its attorneys received or duly learned in apt time of the "notice," a minority of the court is of the opinion that there was not an irregular service, but none at all.

Upon a motion for a new trial, the defendant filed affidavits setting forth what occurred in court immediately before and during the trial.   These affidavits are included in the bill of exceptions.   What occurs in the presence and hearing of a trial judge can be brought to the attention of this court upon appeal only by the certificate of the judge that such things did take place.   The judge has not certified that the affidavits are true, but merely that they were filed; they thus show to us that on the motion for a new trial certain things were by affidavit represented to the court.

By the bill of exceptions it appears that the evidence for the plaintiff was very brief; that there was no cross-examination of witnesses and no evidence on behalf of the defendant.

It appears to have been an *ex parte* trial, and it is probable that under some misapprehension, the attorney for the defendant was, as is stated in the affidavits, not present at the trial, while the witnesses for the defendant were.

Courts prefer, in all instances, to have both parties present at hearings, that there may be a full and a fair trial; nevertheless the rule is not unreasonable or unjust which requires that one against whom a verdict has, in his absence been reached, should, upon application to set it aside, show, by a setting out of facts, that he has a meritorious defense or cause of action.

The affidavits filed by the defendant contain, as to this, the mere statement that it has a meritorious defense; a conclusion which may or may not be justified by the facts.   The

testimony at the trial had been reported, and the defendant could easily have set forth the facts, if any there be, showing that it has a meritorious defense. Had it done so, it is quite likely the court would have, upon terms, awarded a new trial.

It is urged that there was no evidence showing that the defendant is a corporation.

The defendant as a corporation filed an appeal bond upon its appeal to the Superior Court, the defendant also appeared in the Superior Court and moved to strike the cause from the short cause calendar. The testimony at the trial shows a holding out by the defendant that it is a corporation, by dealing, and purchasing goods as such.

This made a *prima facie* case. Gerlinger Co. v. Labadie 41 Ill. App. 283; Wheatley et al. v. Chicago Trust & Savings Bank, 64 Ill. App. 612–615.

The appeal from the justice of the peace having been taken by the defendant, it was not necessary that the plaintiff summon it into the Superior Court; it was there as soon as the transcript was filed.

The judgment of the Superior Court is affirmed.