## The City of Elgin v. Louis A. Nofs.

1.  PRACTICE—*Incorporating Matter in the Record by Ex parte Affidavit.*—What is done by the judge, or what occurs in his presence, is within his knowledge and must be recited over his certificate, and can not be made a part of the record by *ex parte* affidavits.

2.  DAMAGES—*When $15,000 is Not Excessive.*—Plaintiff was at the time he was injured, a man thirty-six years of age, of good health, about six feet tall and weighed about 195 pounds. He was in the employ of the city railway company, receiving as wages $1.65 a day for each day of the week, and he had before him the prospect of a useful and prosperous life. By reason of the injuries complained of he suffered severe pain, is permanently paralyzed from below his waist so as to be unfitted for the employment to which he is accustomed or for any active work, and must go through life as an almost hopeless cripple. *Held.* $15,000 damages are not so large as to show passion or prejudice on the part of the jury.

Action on the Case, for personal injury. Appeal from the Circuit Court of Kane County: the Hon. CHARLES A. BISHOP, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902.

CHARLES H. FISHER, corporation counsel, ROY R. PHILLIPS, city attorney, and R. N. BOTSFORD, of counsel, for appellant.

RUSSELL & HAZELHURST and R. S. EGAN, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit brought by appellee against appellant to recover damages for injuries sustained by him in falling

through a sidewalk on a bridge over the Fox River, within the corporate limits of the city of Elgin. This is the second time this case has been in this court. At the first trial there was a judgment in the court below in favor of Nofs for $10,000, which was reversed by this court and the cause remanded. (City of Elgin v. Nofs, 96 Ill. App. 291.) Upon the second trial appellee recovered a judgment for $15,000, from which the city appeals. No instructions were offered by appellee, and all those offered by appellant were given without modification.

The grounds urged for reversing the judgment are: (1) that the verdict was not sustained by the evidence; (2) that the court erred in permitting certain of appellee's witnesses too great latitude in testifying as to the condition of the sidewalk where appellee was injured, both as to time and place, and (3) that the amount of the verdict was excessive.

An appropriate declaration charging negligence on the part of appellant in regard to the sidewalk in question, and due care on the part of appellee, was filed, and the general issue pleaded.

Shortly before noon on March 27, 1900, as appellee, who was a car starter and transfer man for the city railway, was returning from dinner to his place of business, he started to walk across the sidewalk on the south side of the Fox River bridge. The bridge in question is constructed in two sections, divided by an island. The west section, upon which appellee was injured, is about 200 feet long. When he had proceeded a short distance he stepped upon a plank which gave way beneath him, and fell into the hole made by its displacement, catching on the walk at his waist. He was severely bruised, but the most serious injury was to his spine, by reason of which he has since become paralyzed from the waist down, with little or no chance of recovery. On the trial seven witnesses gave evidence for appellant tending to show that the walk was in a fairly good condition up to the time appellee was injured, or that its condition, if defective, was such that the city could not, by the exercise of reasonable diligence, have ascertained the true facts and made repairs.

Twenty-one witnesses on the part of appellee, however, swore positively that the walk at that particular location was, at the time in question, and had been for a long time prior thereto, in a very unsafe and defective condition. There was evidence tending to show that the city had actual notice of the unsafe condition of the walk, and if not, the overwhelming weight of the proof was, that the city could have known of the condition of the walk by the exercise of ordinary diligence, and have repaired the same before appellee was injured.

It also appears from the evidence that at the time he was injured appellee was walking on the sidewalk at an ordinary gait, observing due care for his own safety. We think the evidence was abundantly sufficient to sustain the verdict.

We find no serious objection to the admission of the testimony on the part of appellee, complained of by appellant. The stringers of the walk at the place where the injury occurred, were brought into court and introduced in evidence by appellant, and the court afterward permitted the jury, over the objection of appellant, to examine the same with a magnifying glass. There was a question as to whether the stringers produced in court were really taken from the walk at the place where the injury occurred, and the use of the glass was permitted, not for the purpose of showing that the stringers were rotten or imperfect, but to show the manner in which they had been sawed through, as bearing upon said question, and while the court might properly have refused the use of the magnifying glass, we do not think its use by the jury reversible error.

On the former trial witnesses were permitted to testify as to the unsafe condition of the sidewalk generally, and it was for that reason and on account of an erroneous instruction given for appellee, this court reversed the judgment. Upon this trial the testimony was confined by the trial court, in compliance with directions given by this court in reversing the former judgment, to the place in the walk in question where the injury occurred, and its immediate vicinity. It is true that the damages allowed by the jury

are large, but appellee was at the time he was injured a man thirty-six years of age, of good health, about six feet tall and weighed about 195 pounds. He was, and had been for some years, in the employ of the City Railway Company, receiving as wages $1.65 a day for each day of the week, and he had before him the prospect of a useful and prosperous life. By reason of the injuries complained of he suffered severe pain, is permanently paralyzed below his waist so as to be unfitted for the employment to which he is accustomed, or for any active work, and he must go through life as an almost helpless cripple. In view of all these circumstances, we can not say that the damages were so large as to show passion or prejudice on the part of the jury.

In support of the motion for a new trial, affidavits were introduced by appellant tending to show that one of the jurors had made false statements regarding his qualifications as a juror, in answer to a question by appellant's counsel as to whether the juror had ever had a case of personal injury himself. The questions propounded to the jurors were not preserved by stenographic notes and the affidavits offered on the part of appellant were contradicted by others on the part of appellee, denying that any such questions were asked the juror as those alleged to have been asked him in the affidavit presented by appellant. There was no certificate of the presiding judge as to the questions asked the jurors and the affidavits being contradictory, we can not determine satisfactorily just what questions were asked. Had appellant desired to preserve them, he should have had the certificate of the judge as to the questions asked.

" What is done by the judge, or what occurs in his presence, is within his knowledge and must be recited over his certificate and can not be made a part of the record by *ex parte* affidavits." Peyton v. Morgan Park, 172 Ill. 102; Auburn Cycle Co. v. Foote, 69 Ill. App. 644.

We can not say that the record presents satisfactory reasons for holding that the juror in question was disqualified.

The judgment of the court below will be affirmed.