## The People of the State of Illinois, Defendants in Error, v. Max Carp et al., Plaintiffs in Error.

1. CRIMINAL LAW—*record.* An alleged error in permitting the amendment of an information during vacation will not be considered where the record does not disclose that the information was in any manner changed or amended.

2. CRIMINAL LAW—*when alleged error is immaterial.* An alleged error in requiring defendants to plead during vacation is immaterial where the record shows that defendants were arraigned and pleaded not guilty at a subsequent term.

3. CRIMINAL LAW—*evidence as to use of corporate name.* In a prosecution for using a corporate name for the purpose of obtaining business without being regularly licensed, advertisements displayed by defendants are admissible.

4. CRIMINAL LAW—*verdict of not guilty against part of defendants.* Where three defendants are indicted for using a corporate name, for the purpose of obtaining business, without being regularly licensed, the fact that the jury found one defendant not guilty does not affect the judgment against the others found guilty.

5. NAMES—*use of corporate name.* In a prosecution for using a corporate name to obtain business without being licensed, there being evidence that defendants displayed advertisements such as to give the general public the impression that they were incorporated, a verdict of guilty will be sustained.

Error to the County Court of Adams county; the Hon. LYMAN McCARL, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed March 18, 1913.

WALTER H. BENNETT and WILLIAM SCHLAGENHAUF, for plaintiffs in error.

JOHN T. GILMER and ARTHUR R. ROY, for defendant in error.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is a prosecution by information filed in the county court of Adams county in vacation before the May term, 1911, against the defendants, Max Carp,

Ben Carp and Joe Carp, charging them, for the purpose of obtaining business and influence in trade, with using a corporate name without being a reguarly licensed corporation.

The information as originally filed was by leave of the county judge amended, in vacation, the nature of the amendment, if one was then made, is not disclosed by the record. The information charges the defendants, at and within the county of Adams, state of Illinois, with fraudulently and unlawfully putting forth certain signs and advertisements, thereby and therein unlawfully and fraudulently assuming for the purpose of soliciting business, a corporate name, viz: The Carp Trading Company, alleging that The Carp Trading Company was not a corporation. The information was filed by the State's Attorney of Adams county. The defendants were brought into court on the 14th of March, in vacation, and entered their motion to quash the information. On this day, the court required the, defendants to enter a plea and they each pleaded not guilty. The court thereupon took the motion to quash under advisement, and the cause was continued until the May term, 1911. At the May term, which was one of the common law terms of the county court in Adams county, the defendants renewed their motion to quash the information; this they were permitted to do and it amounted to a withdrawal of the former pleas of not guilty. The motion was overruled by the court and the defendants, upon being duly arraigned, entered a plea of not guilty. The cause was continued until the August term, 1911, also a law term. On the 5th of September, 1911, the cause was heard in that court, a jury regularly impaneled and a trial was had; the jury was instructed to find Ben Carp not guilty, they returned a verdict finding the defendants Max Carp and Joe Carp guilty. A motion in arrest of judgment was made and overruled, judgment rendered on the verdict; and from that judgment the defendants Max Carp and Joe Carp prosecute this writ of error.

Plaintiffs in error urge a reversal of this cause because they insist that the county court had no power in vacation to permit the amendment of the information; and that it had no power to require the defendants to plead to the information in vacation or at a probate term of said court, and while the motion to quash was pending.

Upon the contention that the county court had no power at a probate term or in vacation to permit an amendment of the information, the record does not disclose that any amendment was made or that the information was in any manner changed or amended, the mere fact that permission was granted to the People to amend the information would therefore be wholly immaterial.

It is insisted that the court had no power to require the defendants to plead to the information in vacation. No trial was had during vacation, and after the plea had been entered it was continued until the regular law term in May following. At this term after the motion to quash was denied by the court, the record shows that the defendants were again arraigned and pleas of not guilty entered. If there had been any error committed in the former action of the court, it became immaterial after this action at the regular law term.

The only other grounds urged for reversal of this cause are that the evidence is not sufficient to support the verdict and that the court improperly admitted advertising matter offered. The record discloses that the defendants, Max Carp and Joe Carp, came to Quincy in Adams county and held a nine days' sale of merchandise. Advertisements and handbills were printed and displayed in the city of Quincy. We find that Exhibit A contains the following:

"Carp Trading Co. America's Greatest Bargain Givers. Will open at 120 North Fifth Street, Quincy,

Ill., with a public sale for nine days beginning Thursday, March 9th, 1911, at 9 A. M.,

. . . . . . . . . . . . . . . .  . . . . . . . . . . . . . . . . . . . . .  . . . . . . . . .
WHO WE ARE. The Carp Trading Co., is an organization with offices in the principal cities of the U. S., who are administrators, trustees, and merchants, in short, we handle estates and merchandise of every known description and turn same into cash.

. . . . . . . . . . . . . . . .  . . . . . . . . . . . . . . . . . . . . .  . . . . . . . . .
WHY WE DO IT. Desirous of establishing another link in our long chain of stores, the Carp Trading Co.

. . . . . . . . . . . . . . . .  . . . . . . . . . . . . . . . . . . . . .  . . . . . . . . .
Only institution of its kind. . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . .  . . . . . . . . . . . . . . . . . . . . .  . . . . . .
The Carp Trading Co. Universal Providers of Under-priced Merchandise Watch for the flags.

. . . . . . . . . . . . . . . . . . . .  . . . . . . . . . . . . . . . . . . . . .  . . . . . .
There is only one Carp Trading Co., system in the United States, and only one Carp Trading Co.''

The defendants offered no evidence.

The evidence in this record shows a clear violation of the section of the statute complained of; and the mere fact that there might be some irregularities in the preliminary proceedings before the time of the trial cannot in any manner affect the validity of the judgment.

The language used in the advertisements displayed by these defendants was such as to give the general public the impression and lead them to believe that the Carp Trading Company was incorporated, and the statements made and the extravagant use of language could have been made for no other purpose than that of deceiving the general public and for the purpose of influencing their trade. The fact that the jury found the defendant Ben Carp not guilty cannot in any manner affect the judgment against those who were found guilty, and they cannot complain because another was found not guilty.

The verdict and judgment is fully warranted by the facts, and there being no reversible error in the record, the judgment is affirmed.

*Affirmed.*