Chadwick v. The Dicke Tool Co., 186 Ill. App. 376.

## W. H. Chadwick, Appellee, v. The Dicke Tool Company, Appellant.

### Gen. No. 5,901.

1. CORPORATIONS, § 450*—*power to execute promissory notes.* A corporation organized for pecuniary profit has power to give a note during the two years allowed for its liquidation for a debt which existed before the period of its corporate authority had expired by limitation.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

2. Corporations, § 57*—*when estopped to deny corporate exist-ence.* In an action against a company on its promissory note where its defense was that the corporate existence of the defendant had expired by limitation before the note was given and that therefore the note was void, *held* that the defendant by assuming to act as a corporation was estopped from denying its existence as a cor-poration.

Appeal from the Circuit Court of Du Page county; the Hon. Clinton F. Irwin, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 15, 1914.

Oliver M. Olson and Charles H. Leech, for appel-lant.

Bunge, Harbour & Chadwick, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

On March 1, 1909, appellant executed its promissory note to the order of G. H. Bunge, payable one year after date, in the sum of $55 with interest at the rate of six per cent. per annum. Bunge indorsed said note to the order of W. H. Chadwick, and the latter, after the maturity of the note, sued appellant thereon before a justice of the peace and had a judgment, from which appellant appealed to the Circuit Court, where a jury was waived and the cause was tried and there was a judgment against appellant for $68.40, from which de-fendant below appeals to this court.

The defense interposed was that the corporate ex-istence of appellant had ended before this note was given and therefore the note was void. Appellant was organized under the Act of 1872 relating to corpora-tions for pecuniary profit. (J. & A. ¶¶ 2418 *et seq.*) Section 2 of that Act requires that the statement to be filed in the office of the Secretary of State shall set

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

forth, among other things, the duration of the corporation. Section 4 requires that after certain preliminaries the Secretary of State shall issue a certificate of the complete organization of the corporation and attach thereto certain papers, and that said copy shall be recorded in the office of the recorder deeds of the county where the principal office of such company is located, and that when so recorded the corporation shall be deemed fully organized and may proceed to business. Section 10 provides that corporations whose powers expire by limitation shall continue their corporate capacity for the term of two years for the purpose only of collecting the debts due it and selling and conveying its property and effects. The statement made by those who organized this corporation set forth the location of its principal office as Chicago and its duration as ten years. Its certificate of complete organization was dated February 20, 1897, and was recorded in Cook county on March 10, 1897. It was then deemed to be completely organized, and the ten years named in its application or statement expired on March 10, 1907, and the two years given for settling its business expired March 10, 1909, and this note was therefore given before the expiration of said two years, contrary to the contention of appellant. The consideration for the note was the preparation of legal papers for a sidetrack, and some other services of that kind for appellant. It seems that the persons owning the appellant Company arranged to incorporate under another name, but they had many things to do to close up the business of appellant and they did business under the name of Dicke Tool Company as late as July 12, 1912, over three years after this note was given. There was no proof when the services were rendered for which the note was given, although that fact was within the knowledge of appellant and cannot be presumed to have been within the knowledge of appellee, who was only the indorsee of the note. We do not doubt the power of a corporation to give a note during the two years

allowed for its liquidation for a debt which existed before the period of its corporate authority had expired by limitation. . But if it be a fact that the corporation continued to transact business in its corporate name after the ten years and the two years had expired, nevertheless, we think the corporation would be liable even if not then lawfully doing business in the corporate name, under the principles laid down in *United States Exp. Co. v. Bedbury,* 34 Ill. 459, as follows: ''When an association of persons assume a name, which implies a corporate body, and exercise corporate powers, they should not be heard to deny that they are a corporation. When they do act and contract they are estopped from denying their corporate liability.''

The judgment is therefore affirmed.

*Affirmed.*