## R. S. Barnsback, Defendant in Error, v. T. H. Mastin & Company and Charles H. Hanger. T. H. Mastin & Company, Plaintiff in Error.*

1. PROCESS—*invalidity of serving partnership as corporation.* Process served upon a partnership in the manner prescribed for service upon a corporation is invalid unless the defendants entitled to raise the question are estopped from doing so by their conduct.

2. ESTOPPEL—*acts necessary to create corporation by estoppel.* Unless a partnership has in some way pleaded upon the record as a corporation or is shown to have conducted its business as a corporation, it will not be estopped from denying jurisdiction over it on service had upon it in the manner prescribed for corporations.

3. ESTOPPEL—*how question raised.* There must be pleading and proof thereunder in order to raise the question that defendant partnership is estopped to deny service upon it as a corporation.

Error by defendant to the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1923. Reversed and remanded. Opinion filed March 10, 1924.

BURROUGHS & RYDER, for plaintiff in error.

TERRY, GUELTIG & POWELL, for defendant in error.

---

* Received from clerk of Appellate Court, August 8, 1927.

Mr. Justice Boggs delivered the opinion of the court.

Defendant in error brought an action in assumpsit in the circuit court of Madison county against plaintiff in error and one Charles H. Hanger. The declaration contains the common counts only. Process was issued and was served on Charles H. Hanger personally and the sheriff's return as to service on plaintiff in error is as follows:

"I have duly served the within writ upon T. H. Mastin & Co. and by delivering a true copy hereof to Robert S. Davis, agent for said company, the president, secretary or treasurer of said T. H. Mastin & Co. not found in my county, as I am therein commanded, this the 6th day of March, A. D. 1923."

A special plea on limited appearance was filed by Hanger and the suit was afterwards dismissed as to him.

The following plea of jurisdiction was filed by the persons therein named:

"And now, each in his own proper person, comes Thomas Mastin, Henry Burr, William Drennon, Thomas Lonergan, Fred Schafer, and Harry Minty, and appear specially for the purpose of this plea only, and defend, etc., and say that T. H. Mastin & Co., the above named defendant, is a co-partnership name under which they are doing business; that Thomas Mastin, Henry Burr, William Drennon, Thomas Lonergan, Fred Schafer and Harry Minty are copartners, doing business under the firm name and style of T. H. Mastin & Co.; that at the time of the commencement of said action of said Roy S. Barnsback, the said Thomas Mastin, Henry Burr, William Drennon, Thomas Lonergan, Fred Schafer and Harry Minty were, and from thence hitherto have been, and still are, residing in the City of Kansas City, in the State of Missouri, and that neither of them was at the time of the commencement of said action, and from thence hitherto has not been, and is not now, a resident of

Illinois; that said copartnership has not, nor does any member thereof have a place or places of business in the County of Madison in the State of Illinois; that neither of said members nor the said copartnership has ever had a place or places of business in said Madison County in the State of Illinois; that neither of said copartners was personally found or personally served with process in said action in the County of Madison in the State of Illinois, or in any county of said State of Illinois, but that the only alleged service of process herein upon them, or either of them, or the said copartnership is an alleged and purported service of process of summons upon an alleged and purported agent of T. H. Mastin & Co., in the said County of Madison and State of Illinois; and this they are ready to verify; wherefore they pray judgment if the Court here will take cognizance of the action aforesaid.''

A general demurrer filed to said plea by defendant in error was sustained by the court, and said parties having elected to stand by their said plea, a hearing was had before the court without a jury, a finding was made in favor of the defendant in error, and judgment was rendered against plaintiff in error for the sum of $1,200 and costs. To reverse said judgment this writ of error is prosecuted.

The sole question raised by the assignment of errors is, whether under the pleadings as disclosed by the record, plaintiff in error was legally served with process so as to authorize the court to enter judgment against it.

The service and return in question follow section 8 of the Practice Act, which provides the method for obtaining service on private corporations. Section 8, ch. 110, Cahill's St. 1921. It is the contention of counsel representing plaintiff in error that it is a copartnership and that section 13 of the Practice Act, Cahill's St. ch. 110, ¶ 13, must be followed in order to

obtain jurisdiction of a nonresident copartnership, and that the service in question does not comply with its provisions.

A second contention of plaintiff in error is that under the averments of said plea, which is taken as true for the purpose of this hearing, it had no place of business in Madison county at the time of said purported service, and had none at any time prior thereto, and that under the provisions of section 13, no service could have been had on it so as to have warranted the rendition of a personal judgment against it.

Counsel for defendant in error concede that the service had on plaintiff in error was not under section 13, and practically concede that unless plaintiff in error is a corporation or is estopped to deny that it is a corporation the service is not good.

In this connection defendant in error's counsel call attention to the fact that the parties filing the plea in question do not specifically aver that plaintiff in error is not a corporation. However, we are of the opinion and hold that it is sufficiently set forth that plaintiff in error is a partnership, and that the service and return were not sufficient to confer jurisdiction on the trial court to enter judgment, unless it be that the parties filing said plea were estopped to raise the question.

Counsel for defendant in error contend that the record shows: First. That plaintiff in error contracted with him by the name T. H. Mastin & Co., in connection with the claim sued on in this case. Second. That it appeared and filed its plea by that name. Third. That it has assumed a corporate name and has been exercising the functions of a corporation and that by reason of these things it is now estopped to deny that it is a corporation so far as this suit is concerned.

In support of this contention, counsel cite the following cases: *United States Exp. Co. v. Bedbury,* 34 Ill.

459, 467; *Chicago City Ry. Employees' Mut. Aid Ass'n v. Hogan,* 124 Ill. App. 447; *Fitzpatrick v. Rutter,* 160 Ill. 282; *Lawrence v. Nyberg Automobile Works,* 162 Ill. App. 348; *Crystal White Soap Co. v. Roseboom,* 91 Ill. App. 551; *Chadwick v. Dicke Tool Co.,* 186 Ill. App. 376; *Fields v. United Brotherhood of Carpenters & Joiners,* 60 Ill. App. 259; *Auburn Cycle Co. v. Foote,* 69 Ill. App. 644; 1 Fletcher Cyclopedia Corporations 660; *Goddard v. Chicago & N. W. Ry. Co.,* 202 Ill. 362; *People v. Carp,* 180 Ill. App. 673.

We have examined these cases and are of the opinion that the record in this case does not warrant the conclusion that the parties filing said plea are estopped to deny that plaintiff in error is a corporation. As before stated, the declaration consists of the common counts only, and there is no averment therein to the effect that the plaintiff in error contracted with the defendant in error, using the name of T. H. Mastin & Co.

It will further be observed, on an examination of said plea, that T. H. Mastin & Co. does not appear as the defendant, but the same purports to be filed by the individuals therein named. There is no bill of exceptions, and there is nothing in the record from which it can be said that plaintiff in error has assumed the functions of a corporation. In nearly all, if not all, the cases above cited, there was evidence to the effect that in one way or another the purported corporation had in fact been assuming and exercising the functions of a corporation, or had contracted with the party bringing the suit by a corporate name.

In *Chicago City Ry. Employees' Mut. Aid Ass'n v. Hogan, supra,* the court, in discussing a question of this character at page 450, says:

"We think appellant is estopped to deny that it was a corporation at the time it issued this certificate. Its name, as set forth in the certificate, imports that it is a corporation. It signed that contract by its

president and by its secretary, and attested to the same with its seal. In the body of the contract the constitution and by-laws of appellant are referred to as fixing the conditions and the amount of a recovery.

"In *U. S. Express Co. v. Bedbury,* 34 Ill. 459, it was held that where an association of persons who assumes a name which imports a corporate existence, and by it exercises corporate powers, they will not be heard to deny their corporate existence. In *Fitzpatrick v. Rutter,* 160 Ill. 282, the Switchmen's Mutual Aid Association of North America was sued as a corporation, upon a certificate similar to the one here in evidence, and judgment by default was taken against it. A creditor's bill was filed upon the judgment. The association interposed the defense that while it was a voluntary association, it had been sued at law as a corporation, and therefore the trial court had no jurisdiction over the person of the defendant association when it entered the judgment. The court answers this argument by saying: 'But we think from an examination of the record, the Appellate Court and the trial court were justified in finding, from the evidence, that the association was a de facto corporation, and properly served with process. The Switchmen's Mutual Aid Association of North America had an organization consisting of directors, a president, secretary and other officers. Its name implied a corporate body.' * * * See, also, Bacon Ben. Soc., secs. 40 and 41; Morawetz Corp., sec. 752; *Williams v. Stevens Point L. Co.,* 72 Wis. 487; *Bon Aqua I. Co. v. Standard F. I. Co.,* 34 W. Va. 764; *Hamilton v. C., M. & P. Ry. Co.,* 144 Pa. St. 34; *Independent Order, etc. v. Paine,* 122 Ill. 625.''

In *Fitzpatrick v. Rutter, supra,* it was held by the Supreme Court that an association whose name implies a corporate body, and which has authenticated its acts by a common seal and exercised corporate powers, is estopped to deny its corporate existence.

In *Auburn Cycle Co. v. Foote, supra,* the court says, page 648: "It is urged that there was no evidence showing that the defendant is a corporation. The defendant as a corporation filed an appeal bond upon its appeal to the Superior Court, the defendant also appeared in the Superior Court and moved to strike the cause from the short cause calendar. The testimony at the trial shows a holding out by the defendant that it is a corporation, by dealing, and purchasing goods as such."

It will therefore be observed that in the cases referred to, the record in some way discloses corporate acts on the part of the organization charged with being a corporation.

We are therefore of the opinion and hold that the court erred in sustaining a demurrer to said plea. If the defendant in error desires to show that plaintiff in error is estopped to deny that it is a corporation by reason of its having assumed corporate functions, that question must in some way be brought into the record. In other words, it must be determined from the evidence to be offered by said parties on an issue presenting that question.

For the reasons above set forth, the judgment will be reversed and the cause will be remanded.

*Reversed and remanded.*